**The People of the State of Illinois, Plaintiff-Appellee, v. Edward J. McCormick, Defendant-Appellant.**

**Gen. No. 51,242.**

First District, Third Division.

January 11, 1968.

Rehearing denied March 6, 1968.

James P. Chapman, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Carl M. Walsh, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

In a nonjury trial, Edward McCormick was found guilty of theft. He was placed on probation for five years with confinement in the House of Correction for the first six months.

He contends that his conviction should be reversed because the indictment was defective, the corpus delicti

of the crime was not established and the evidence did not prove him guilty beyond a reasonable doubt.

The Stavros Farm Equipment Company, Wheeling, Illinois, was burglarized the night of November 8th or early in the morning on November 9, 1963. A snowplow, a seven-foot plow blade, a battery for a diesel tractor, a shovel and a tire and wheel were among the items stolen. McCormick was arrested around 1:00 a. m., November 9th, about a mile from the Stavros Company, after a Wheeling police officer observed him driving a truck which had its rear lights and license plate obscured by a hanging tailgate. He was accompanied by a passenger with whom he attempted to change places as the truck was brought to a stop. In the back of the truck were a snowplow (in an unopened carton), a seven-foot snowplow blade, a diesel battery, a shovel and a tire and wheel. McCormick told the arresting officers that he purchased the snowplows in Wisconsin two weeks earlier, that they had been in the truck all that time, and that he was taking them home. He said he had a bill of sale for them but he did not produce one. Moreover, the carton in the open truck was clean and did not appear to have been exposed to weather. The property in the truck was identified as belonging to the Stavros Company.

At his trial McCormick denied telling the officers that he had bought the plows in Wisconsin. He testified that he bought them and the other articles for $300 on the evening of November 8th from an acquaintance named Gordie, whose address he did not know and whom he had been unable to locate. He explained that he ran into Gordie, whom he had met two or three times prior to the sale, in a tavern in Lake Zurich, and that Gordie talked, as he had on a prior occasion, about some snowplows a friend of his had for sale. McCormick was interested because he was a contractor and in the wintertime plowed parking lots for schools and stores. McCormick further

8

testified that after some dickering about prices, Gordie left to get the merchandise and returned a couple of hours later. In the meantime, McCormick left the tavern, borrowed a truck (which happened to have a battery, a shovel and other articles in it) returned and waited for Gordie. Gordie came back with two plows. After more dickering McCormick bought them for $300 and Gordie threw in the tire and wheel as part of the deal.

As proof of the above transaction, McCormick produced in court a bill of sale and a cancelled check—the former purporting to bear Gordie's signature and the latter his endorsement. The check, for $200 contained on its back the words, "Part Payment in Full. . . ." McCormick testified that in addition to the check, $100 was paid in cash—fifty or sixty dollars of which was his own money; the balance was borrowed from John Dillon, a friend of his who was present. Dillon testified for the defendant and supported his story of the transaction. However, Dillon stated that he furnished all the cash paid to Gordie—that none of the defendant's money was used.

The indictment was in three counts. The first charged burglary, the second theft and the third theft by obtaining unauthorized control over property knowing it to have been stolen by another. The trial judge found McCormick guilty but did not designate the count under which the finding was made.

It is evident, however, from the comments made by the judge that he found McCormick guilty of the crime commonly known as "receiving stolen property," which was the offense specifically charged in the third count. The court accepted McCormick's story about buying the property but believed that he paid only $200 for the articles which were worth, according to the State's evidence, over $700. The court noted that the words written on the back of the $200 check: "Part Payment in Full . . ." were inconsistent, and deduced that as originally

9

written the words were: "Payment in Full" and that the word "Part" was written in at a later date so that it could be said that the price paid for the material was more than $200. The court also observed that the property was bought under circumstances which would have aroused the suspicion of an honest man that it was stolen, and that if McCormick had a bill of sale at the time of his arrest he would have been eager to display it.

■ The defendant's first contention is that he was convicted under the third count of the indictment and his conviction cannot stand because this count was defective. Count three failed to allege an essential element of theft: the intent to deprive the owner permanently of the use and benefit of his property. Thus, as the defendant claims and the State admits, the count was defective.

The State argues, however, that count two was valid and supports the conviction. Theft, which was charged in count two, is defined in section 16–1, chapter 38, Ill Rev Stats 1963, and, insofar as it is pertinent here, is as follows:

"Sec 16–1 Theft] A person commits theft when he knowingly;

"(a) Obtains or exerts unauthorized control over property of the owner; or

"(b) . . . .

"(c) . . . .

"(d) Obtains control over stolen property knowing the property to have been stolen by another, and

"(1) Intends to deprive the owner permanently of the use or benefit of the property; or

"(2) . . . .

"(3) . . . ."

Count two alleged a violation under section 16–1(a) but did not allege a violation in the words of section 16–1(d).

■■ One good count in an indictment will sustain a general finding of guilty if the evidence is sufficient to prove the crime charged in that count. People v. Link, 365 Ill 266, 6 NE2d 201 (1937); People v. Donaldson, 255 Ill 19, 99 NE 62 (1912); People v. Landis, 66 Ill App2d 458, 214 NE2d 343 (1966). The elements of the crime of receiving stolen property (see People v. Harris, 394 Ill 325, 68 NE2d 728) were established by the evidence and the evidence was sufficient to convict the defendant of this offense. The issue presented, therefore, is whether count two, which said nothing about the defendant's knowing that the property was stolen by another but which adequately charged him with theft, was broad enough to encompass the offense of receiving stolen property.

In People v. Jackson, 66 Ill App2d 276, 214 NE2d 316 (1966) this court said:

> "Section 16–1 describes the offense of theft only— and this was the precise purpose of the legislature in enacting this provision of the code. The purpose was to substitute a generic definition of theft for various statutes which particularized different kinds of larceny.
>
> ". . . .
>
> "Section 16–1 defines the two elements necessary to constitute a theft: a proscribed act and the requisite intent or knowledge. A combination of any one of the enumerated acts and any one of the enumerated mental states describes the prohibited offense. . . . This definition is broad enough to encompass all forms of theft. . . ."

11

In People v. Nunn, 63 Ill App2d 465, 212 NE2d 342 (1965) this court stated:

> ". . . section 16–1(a)(1) is not limited to the theft of property in which only the actor who initiates the wrongful asportation is guilty of the offense. A person who 'knowingly obtains or exerts unauthorized control over property of the owner' is the statutory description of a thief, provided only that his act is accompanied by the requisite mental state. As expressly pointed out in section 15–8 the phrase 'obtains or exerts control' over property includes but is not limited to the taking or carrying away of the property. It also includes (though still not exclusively) the bringing about of a transfer of possession of the property. Ill Rev Stats (1963, c 38, secs 15–7 and 15–8."

The comments of the Joint Committee to Revise the Illinois Criminal Code, SHA, chapter 38, section 16–1, indicate that the Committee intended section 16–1(a) to include all forms of theft but added (d) and the other specific forms of theft (b) and (c) in order to remove any doubt as to their being covered under the general provisions of subsection (a):

> "Subsection (a) is the most comprehensive and probably includes all other forms of theft when combined with one of subsections (1), (2) or (3). . . .

> "While the method by which unauthorized control is obtained or exerted is immaterial in subsection (a), and probably, in conjunction with one of the subsections (1), (2) or (3), would cover all forms of theft, the Committee felt that such extreme codification might be too concise, and possibly create some problems of application, in view of the large body of

statutory material and offenses it is intended to replace. Subsections (b), (c) and (d) were added, therefore, to cover specifically situations which at first glance, might be considered not covered by subsection (a). Such situations include . . . receiving stolen property. . . ."

Although the Committee cautiously refrained from declaring that subsection (a) covered all forms of theft and limited itself to commenting that it "probably" did, we conclude from the language of the statute, the interpretative decisions of this court and the intent of the drafting committee, that it embraces within its scope all types of theft including that of receiving stolen property.

Since count two was valid, the evidence tending to prove theft by the receipt of stolen property knowing it to have been stolen can be referred to this count and a conviction for this offense sustained.

Of the defendant's two remaining points, the first—that a verdict should have been directed in his favor at the conclusion of the State's case because of the failure to prove the corpus delicti—is without substantial merit. In support of the second—that he was not proved guilty beyond a reasonable doubt—the defendant urges that the proof was unsatisfactory in respect to the ownership of the property claimed to have been stolen, the value of the property and whether the tire and wheel were new or used. He argues that he had no reason to suspect Gordie of possessing stolen goods, that his purchase of the property was open and documented, and that the trial judge speculated as to the facts. He also points out that no presumption of guilt for receiving stolen property arises from the mere possession of stolen goods (People v. Grizzle, 381 Ill 278, 44 NE2d 917 (1942)), that the only permitted presumption would be that he himself stole the

goods (People v. Hawkins, 27 Ill2d 339, 189 NE2d 252 (1963)).

A court of review must examine the evidence in every criminal case but the judgment of the trial court will not be overturned unless the evidence is so unsatisfactory as to justify a reasonable doubt of the defendant's guilt. People v. Pendleton, 75 Ill App2d 314, 221 NE2d 112 (1966); People v. Vail, 74 Ill App2d 308, 221 NE2d 165 (1966). We have carefully reviewed the evidence and have no reasonable doubt of the defendant's guilt. The owner of the property was proved to be the Stavros Farm Equipment Company, the value of the property was a disputed question which the trier of facts resolved against the defendant, and there was testimony that the tire and wheel were new. The purchase was not made in the usual course of business. It was made in a tavern, at nighttime, from a casual acquaintance, who was not asked, and who did not produce proof that he was rightfully in possession of the merchandise offered for sale. The trial judge had the right to draw conclusions from the testimony and the exhibits, and his conclusions were not unreasonable. Upon his arrest the defendant acted suspiciously and gave an improbable explanation of his possession of the articles which he later retracted. The bill of sale was not produced at this time and Gordie never appeared to testify.

Direct proof of guilty knowledge and the intent to deprive the owner from again possessing goods stolen from him is not necessary. Elements of the crime may be inferred from all the facts and circumstances including possession of the stolen property. Moreover, it was the duty of the trial judge, as the trier of the facts, to judge the weight and credibility to be given to the witnesses for the State and the defendant. People v. Ray, 80 Ill App2d 310, 225 NE2d 467 (1967). No substantial reason has been presented to this court which did not see or hear

the witnesses to overturn the judgment of the court which did.

The judgment is affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.