THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DURANDO WATSON, Defendant-Appellant.

(No. 58698;

First District (1st Division)—February 4, 1974.

HALLETT, J., took no part.

James J. Doherty, Public Defender, of Chicago (Lebert Bastianoni, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Fran Baumgart, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

Durando Watson, defendant, was charged by complaint with theft in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)(1)). After a bench trial, defendant was found guilty and was placed on probation for a period of one year. Defendant appeals, arguing that the evidence was insufficient to establish his guilt beyond a reasonable doubt and that he did not knowingly and understandingly waive his right to a jury trial.

At trial, the following evidence was adduced: Victor Hoffman, a Chi-

cago police investigator, testified that he was the investigating officer of the theft of Mr. William Bowden's car. On June 3, 1972, he went into the junkyard where the defendant is employed and which defendant's father owns in the 4600 block of Madison Street. At that time, defendant informed him that with George Lewis he had picked up Bowden's car from 4727 West Washington Street, Chicago, Illinois. Defendant stated that he did not know that they were stealing the car, but thought it was a bona fide tow and that the car was junk. Present in the junkyard were certain parts from the stolen car, including the engine and a tan briefcase with personal papers belonging to the complainant.

William H. Bowden testified that on Monday he had parked his 1961 station wagon at the rear of his home at 4727 Washington Boulevard, Chicago, Illinois. He returned the following Saturday and found his car gone. Bowden testified that he had occasion to go to the junkyard at 4600 West Madison with Investigator Hoffman and at that location observed his briefcase, papers and the engine that had been taken from his vehicle. He did not give the defendant authority to take his vehicle.

Durando Watson, defendant, age 18, testified that he works for his father in the junkyard located at 4600 West Madison Street, Chicago, Illinois. His job is to pick up cars and return them to the junkyard. Defendant testified that he went with a man named George Lewis to pick up the complainant's car. They delivered the car to the junkyard. George drove the tow truck. Defendant testified that when they towed complainant's vehicle he did not know that it was an illegal tow. Defendant testified that he did not have the title to the car and that nobody had contacted him in person to tow the vehicle. Defendant stated that he merely went along with George.

Chicago Police Investigator Victor Hoffman testified that pursuant to his investigation, a man named George was also placed under arrest.

Defendant's first contention on appeal is that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Defendant was charged with theft in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)(1)). To establish the defendant's guilt under this section, it is necessary for the State to prove beyond a reasonable doubt that defendant knowingly obtained or exerted unauthorized control over the vehicle in question with the intent to permanently deprive the owner of the use and benefit of said vehicle. Here, the only evidence presented by the State that defendant took Bowden's car was defendant's own statement which was voluntarily given to Investigator Hoffman when he first talked to defendant. Defendant readily admitted to Investigator Hoffman that he had in fact towed Bowden's car but stated that he was unaware the car was being

stolen. Defendant stated that he thought it was a bona fide tow and that the car was to be junked. Defendant's trial testimony was substantially the same as the statement given to Investigator Hoffman. Defendant testified that as an employee of the junkyard he went to tow the car with a man named George, who was subsequently arrested for the theft. After a complete review of the record, we believe that a reasonable doubt exists as to the defendant's guilt.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

Mr. JUSTICE HALLETT took no part in the consideration or decision of this case.