THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES M. WARD, Defendant-Appellant.

(No. 73-345; )

Second District (1st Division)—September 19, 1975.

Cornelius E. Toole, of Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, Charles M. Ward, was convicted of theft of a camper valued in excess of $150 in a jury trial in the circuit court of Du Page County and sentenced to 1½-5 years in the Illinois State Penitentiary. On appeal, the defendant contends that the State has failed to prove the essential elements of the charge beyond a reasonable doubt.

The record discloses that on or about November 22, 1971, a Ford pickup truck and a turtle-back camper attached to it were stolen from Camper Town in Elgin. On December 1, 1971, one Daryl Rowe received a telephone call from his brother Richard who was in the Waupaca, Wisconsin, county jail. He told Daryl to go to Robert Miekle's farm and move the truck and stolen camper he had left there. Richard also gave Daryl defendant Ward's home telephone number to call if he needed help. The next day Daryl moved both the truck and the camper to Gary's Texaco at Route 53 and Lake Street in Addison. After a few days the owner of the station asked Daryl to remove them. Daryl then called the defendant. He testified that he told the defendant that he had to move the camper, he did not have any place to park it and he wanted to get rid of it. Defendant responded that he would find someone to dispose of the camper and to call back. Daryl then testified that he telephoned the defendant later to inform him that the camper had been moved and was now at the Novac farm. The defendant told Daryl he was still trying to locate someone to take it.

On December 13 Daryl Rowe was questioned by Police Officers John Landers and Gene Gargano about the stolen camper. Daryl admitted his involvement and agreed to cooperate with the police. He then telephoned the defendant and made arrangements to dispose of the camper. The defendant told Daryl to meet him at the defendant's house at 5:30 p.m. the next day. Daryl told this to the police on December 13 and the police arranged for a surveillance of the camper at the Novac farm.

On December 14 Daryl arrived at the defendant's home in Melrose

Park at approximately 5:15 p.m. The defendant and Robert Miekle were in the house along with the defendant's family. The three men discussed going to pick up the camper. They decided to put the camper on the truck Daryl was driving since Miekle's truck had a fifth wheel on the back and the camper would not fit onto it. All three of the men left defendant's house and drove to the Novac farm. The defendant left behind an untouched, freshly cooked dinner to go out into the rainy night.

At the Novac farm the police observed all three men placing the camper onto the truck. The defendant made the electrical connections for the lights on the camper. After the men had completed their task, they drove off the farm onto the public road and were arrested.

■■ The defendant was charged with theft of a camper valued in excess of $150, which is defined by section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, § 16—1(a)(1)) as follows :

"§ 16—1. Theft.

A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; * * * and

(1) Intends to deprive the owner permanently of the use or benefit of the property; * * *"

The State had the burden of proving each element of the offense. The defendant stipulated that the camper was, in fact, stolen property and the value was in excess of $150. The State proved beyond any doubt that the camper had been stolen recently (*People v. Pride* (1959), 16 Ill.2d 82, 92-93, 156 N.E.2d 551, 557), and that the defendant was in exclusive control of the camper at the time of his arrest (*People v. Reynolds* (1963), 27 Ill.2d 523, 190 N.E.2d 301). In *Reynolds* the court stated:

"Evidence of recent, exclusive and unexplained possession of stolen property by an accused, either singly or jointly with others, may, of itself, raise an inference of guilt absent other facts and circumstances which leave in the mind of the jury a reasonable doubt as to guilt." 27 Ill.2d 523, 525-26, 190 N.E.2d 301, 302. See also *People v. Barber* (1974), 20 Ill.App.3d 977, 313 N.E.2d 491.

The defendant contends that the State failed to prove beyond a reasonable doubt two elements of the offense: (1) guilty knowledge and (2) intention to permanently deprive the owner of the benefit or use of the camper. Defendant claims that there is only circumstantial proof with regard to these two elements and that to uphold the conviction the evidence must produce a reasonable and moral certainty that the accused is guilty.

The law in Illinois, with regard to the defendant's contentions, has been stated in *People v. McCormick* (1968), 92 Ill.App.2d 6, 14, 235 N.E.2d 832, 836, as follows:

"Direct proof of guilty knowledge and the intent to deprive the owner from again possessing goods stolen from him is not necessary. Elements of the crime may be inferred from all facts and circumstances including possession of the stolen property."

. The defendant testified he was a good Samaritan who innocently came to the aid of Daryl Rowe and was rewarded for his kindness by being arrested and charged with theft of the camper. His testimony contradicted that of Daryl Rowe with regard to the contents of the telephone conversations, the planned meeting at his house on the night in question, and any prior knowledge that the camper was stolen. In total, the defendant denied he was guilty.

The State introduced evidence that Richard Rowe, evidently the man who took the camper, gave the defendant's name to Daryl Rowe to contact in the event help was needed in disposing of the stolen camper. Daryl testified he contacted the defendant and discussed the matter with him. The defendant made the arrangements to dispose of the camper with someone in Lombard and made plans to participate in the transfer. The police officers testified they observed the defendant in the rain, actively participating in the transportation of the stolen camper.

It has been held repeatedly that the testimony of one witness alone, if it is positive and the witness credible, is sufficient to convict, even though the testimony is contradicted by the accused. (*People v. Pride.*) Here, the testimony was that of an unindicted accomplice. The uncorroborated testimony of an accomplice is always scrutinized carefully due to its inherent weakness. Under Illinois law this alone can be sufficient to sustain a conviction if it establishes the guilt of the accused beyond a reasonable doubt. *People v. Dell* (1966), 77 Ill.App.2d 318, 222 N.E.2d 357.

In the instant case the testimony of the accomplice, Daryl Rowe, was in part corroborated by the testimony of police officers Landers and Gargano, who testified that Daryl had told them about the planned meeting before it had occurred, what would occur after the meeting, and they listened to Daryl's part of the telephone conversation with the defendant on December 13. We recognize that the credibility of the witness and the weight of the evidence are matters within the province of the jury, and this court will not substitute our judgment for theirs unless it is plainly apparent that the proof beyond a reasonable doubt is lacking. *People v. Dell.*

There was sufficient evidence before the jury for them to con-

clude that the defendant had fabricated his story. When the defendant elects to explain his possession of stolen property, trying to exonerate himself, he must tell a reasonable story or be judged by its improbabilities. (*People v. Greene*, 27 Ill.App.3d 1080, 328 N.E.2d 176.) It was for the jury to determine the reasonableness of his story.

■■ Since the jury chose not to believe the defendant's story, they concluded the defendant was in recent, exclusive and unexplained possession of stolen property. The law in Illinois is that recent, exclusive and unexplained possession of stolen property by an accused person in and of itself, gives rise to an inference of guilt which may be sufficient to sustain a conviction in the absence of other facts or circumstances which leaves in the mind of the jury a reasonable doubt as to his guilt. (*People v. Pride.*) There being no facts or circumstances which left this jury with a reasonable doubt as to the defendant's guilt, and since an examination of the record reveals that there was sufficient evidence for the jury to base their decision upon, this court affirms the judgment of the trial court.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.