THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMY DALE KILGORE, Defendant-Appellant.

(No. 74-116;

Second District (1st Division)—November 17, 1975.

558

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Following a bench trial defendant was convicted of theft exceeding $150 and of possession of a motor vehicle with a falsified identification number (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1), and ch. 95½, par. 4—103(b)). He was sentenced to a single term of 3-10 years in the penitentiary which included a mandatory 3-year parole term. This court

permitted defendant to file a late notice of appeal. He contends that he was not proved guilty beyond a reasonable doubt, that he was deprived of a fair trial, and that his sentence was both improper and excessive.

Defendant's motion to suppress evidence had been denied prior to trial. At the trial the testimony of police officers at the prior hearing was stipulated in lieu of calling the witnesses to again testify at the bench trial. The theft of the car from a dealer and its value were also stipulated as was the admission of various items of documentary evidence.

Upon this record it appears that on August 16, 1971, at approximately 2 A.M. a Cadillac automobile being driven by defendant's wife with defendant as a passenger was observed by James Bock, a police officer of the Village of Bensenville, when it remained at an intersection through an entire green light and proceeded to move on when the light turned yellow. The officer called ahead to have the vehicle stopped. Officer Kelly saw the car as it went through a red light and stopped it. Meanwhile officer Bock made a registration check on the license plates and found that they belonged to the defendant but were issued for an automobile other than the Cadillac.

When officer Bock arrived on the scene he asked defendant if he could see the registration for the license plates. Defendant produced a bill of sale for the Cadillac from an auto parts company under date of July 1, 1971, for $500 "as is shown." Defendant also produced an application for an Indiana title. He said he did not have the registration because it was in the process of being transferred. The officer checked the number on the bill of sale with the "lube tab" on the door pillar and found that they matched. When the officer remarked that the $500 price was remarkable for "such a nice automobile" defendant responded that he had bought the car as a total "burn-out," that he had gone to Frank Nitti's on Irving Park Road and purchased the interior parts and had refinished the car. The officer testified that the vinyl top appeared to be slightly worn and that he could not see any place in the interior of the car where anything had been replaced.

The officer then attempted to check the vehicle identification number in a reference book. He noted that any serial number would have to be prefaced with the letter J for this particular model. He then asked defendant to drive the vehicle to the station so he could check it further because he did not know the location of the vehicle identification numbers. The car was impounded at the station until the officers could see the hidden identification number in better light and it was found that there was a different number than that recorded on the bill of sale or the lube tab. Upon further investigation it was found that the Cadillac had been reported stolen from a dealer on May 20, 1971.

*As* a result of defendant's discovery process it was also determined that the auto parts company had applied for an Indiana certificate of title bearing the false vehicle identification number.

The defendant did not testify either at the motion to suppress, or at the trial in which the previous testimony was stipulated.

The stipulated value of the Cadillac was $2,413.14, the amount paid by the insurance company to the dealer from whom it had been stolen.

We first conclude that the evidence was sufficient to prove that defendant was guilty of the offenses charged beyond a reasonable doubt.

■■■ In order to warrant a conviction based on the circumstances of a defendant's recent exclusive and unexplained possession of a stolen vehicle or a vehicle with falsified identification numbers the evidence must be of "such a conclusive nature as to lead, on the whole, to a satisfactory conclusion, and such as to produce, in effect, a moral certainty that the accused, and no one else, committed the crime, and it must be such that the circumstances proved cannot, upon any reasonable theory, be true and the defendant innocent." (*People v. Hooper,* 364 Ill. 320, 325 (1936). See also *People v. Burton,* 6 Ill.App.3d 879, 890-891 (1972).) It is not necessary, however, that circumstantial evidence exclude every possibility of the defendant's innocence or produce absolute certainty in the mind of the trier of the facts. (*People v. Smith,* 107 Ill.App.2d 267, 270 (1969).) And a defendant who chooses to explain his possession of stolen property must tell a reasonable story or be judged by its improbabilities. *People v. Ward,* 31 Ill.App.3d 1022, 335 N.E.2d 57, 60 (1975).

The combination of the circumstances, which included the payment of $500 for a car valued at more than $2,000, and the falsified vehicle identification numbers on the bill of sale in defendant's possession, require that defendant furnish a reasonable explanation to avoid the clear inference of guilty knowledge. The remoteness of the possession, of course, weakens the inference but it does not prevent its operation. (*People v. Litberg,* 413 Ill. 132, 137-138 (1952); *People v. Pride,* 16 Ill.2d 82, 91-92 (1959).) The explanation which the trier of the facts did not accept as credible was that defendant had purchased a burned out car and had added value thereafter. The judge could properly conclude, however, that the defendant's statement to the officer was not reasonable since the testimony of the officer as to the condition of the car refuted it. The further fact that defendant did not present invoices or receipts which could have corroborated his story that he bought parts to repair the car, and his failure to complete the title application or apply for plates in the time available further reduced the credibility to be attached to his theory of the case.

*People v. Watson,* 17 Ill.App.3d 505 (1974), cited by the defendant is inapposite. In *Watson,* the only evidence offered by the State other than proof that the vehicle was stolen was that the defendant as an employee of a junk yard was to tow the car to the junk yard at the request of the thief. There were no other facts which could cast doubt on the reasonableness of the explanation of innocence.

■■ Defendant next argues that he was deprived of the assistance of counsel by a combination of circumstances. The case came up for a jury trial originally on March 27, 1972, and defendant appeared with his private attorney Samuel Banks. Banks had previously represented defendant and had appeared for him on the hearing seeking to suppress evidence. Banks sought to withdraw, claiming that he had been unable to contact his client between the February 2, 1972, date when the matter was set for trial and the date of March 23, 1972, and that this had resulted in Banks withdrawing from representation of defendant in a pending Cook County criminal charge. Banks told the court that on March 23 defendant had told him that he had hired another attorney, a Mr. Jensen, and that Banks had advised Jensen of the trial date but had not heard from him; and that he had not been able to discuss the case with defendant although he had tried to contact him a number of times both by telephone and by letter.

On the court's inquiry the defendant admitted receiving the calls and letters and said that he did not respond because he did not have any money. He conceded, however, that counsel had not demanded his fee as a condition of representation. Although defendant stated he did not want Banks to represent him the judge refused to allow him to withdraw when defendant further admitted that he had not talked to attorney Jensen. The court reasoned that the matter had been set for trial for a long period and that the present situation was due to defendant's own lack of diligence. On the court's own motion a one-week continuance until April 3, 1972, for trial was granted. On April 3, defendant appeared with attorney Banks who represented that Jensen would not enter his appearance. Banks renewed his motion to withdraw, which was again denied. The defendant then waived his right to a jury trial and with Banks as counsel the case was heard by the judge.

Defendant reasons that the fact that he was represented by counsel he did not desire and who had stated that he could not represent him "in good conscience" and the fact that the attorney stipulated substantially the entire case, deprived him in effect of any trial. We cannot agree. In the first place the defendant was the cause of his own complaint and the court did not abuse its discretion under the circumstances in denying a longer postponement of the trial. In addition, there is no

showing that Banks acted incompetently or that defendant was prejudiced by the representation he received. Defendant had originally selected Banks and that attorney had filed motions for discovery and motions to suppress evidence and had vigorously cross-examined patrolman Bock in the course of the suppression hearing. He also had sought to have the evidence suppressed at the trial.

There is no showing that any purpose would have been accomplished by having the same testimony produced a second time with no indication that anything further could have been adduced. Under the circumstances the stipulation was a reasonable trial strategy to, in fact, limit the scope of the State's evidence. The claim of prejudice to defendant appears to be based on pure conjecture which is not sufficient to warrant a reversal. See *People v. Witherspoon,* 55 Ill.2d 18, 22 (1973).

Defendant has also contended that the court erred in permitting the police officer to testify regarding the physical condition of the Cadillac. He argues that the comparisons the officer made require expert testimony and that Bock was not so qualified.

We find no prejudicial error. The officer by ordinary powers of observation was capable of observing and stating whether the vinyl top was new, which would necessarily be the fact if there had been a total burnout and the top had been replaced, and to testify as to the general appearance of the interior. This differs from the class of cases cited by the defendant (*e.g., People v. Perroni,* 14 Ill.2d 581 (1958), holding that a comparison of marks on a safe and the burr on a crowbar was a subject matter for expert testimony, *People v. Ervine,* 64 Ill.App.2d 82 (1965), holding similarly relative to analysis of lipstick smear, and *People v. Jennings,* 252 Ill. 534 (1911), requiring expert testimony to compare fingerprints). In the broad sense in which the witness was describing the appearance and condition of the automobile as to wear and tear, we think that the opinion of an ordinary observer was admissible. See *People v. Berkman,* 307 Ill. 492, 501 (1923), and *People v. Burton,* 6 Ill.App.3d 879, 886 (1972).

■■ We further conclude on the whole record that defendant's sentence was not excessive and was within the proper discretion of the trial court considering the prior record of the defendant which included two prior felony convictions.

■■ The State has confessed error as to the imposition of the three-year mandatory parole term and we think properly so. Although the defendant's 3-10 year sentence was within the allowable range under both the prior law and the Unified Code of Corrections defendant was entitled to be sentenced under the prior law since there was then no pro-

vision for a mandatory parole term. We therefore vacate that portion of the sentence providing for the mandatory parole term.

In all other respects the judgment of the trial court is affirmed.

Judgment affirmed, as modified.

GUILD and HALLETT, JJ., concur.