THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNIS McINTOSH, Defendant-Appellant.

Fifth District    No. 75-278

Opinion filed May 6, 1977.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish, of Illinois State's Attorneys Association, and George W. Lange, law student, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Dennis McIntosh appeals from a judgment of the circuit court of Madison County entered after a jury found him guilty of theft of property exceeding $150 in value. He contends in this appeal that the State failed to prove the essential element of venue and that the evidence adduced at trial was insufficient to establish his guilt beyond a reasonable doubt.

On the morning of November 9, 1974, Toni Biondi parked her father's tan 1970 Volkswagen at the Collinsville K-Mart, located in Madison

County, Illinois. Upon her return from work at 6 p.m. that evening the car was missing.

On November 19, 1974, Mildred Goedan, a secretary for the Riteway Volkswagen dealership in Collinsville, Illinois, received a call in which defendant, giving his name and address, asked for the assistance of a tow truck. Richard Langland, a Riteway mechanic, responded to the call by taking a service car to a location in Collinsville where he found defendant in possession of a tan 1970 Volkswagen. After being advised that the car would not start, and being unable to start it himself, Langland received defendant's permission to tow it to the Riteway dealership for servicing.

The following day Detective Lawrence Dorian of the Illinois State Police was called to Riteway Volkswagen to examine the car. After tracing two different serial numbers he found on the car, he was able to determine that the Volkswagen was owned by Gilbert Biondi and was the same one which had been stolen from the Collinsville K-Mart parking lot on November 9.

In his subsequent investigation Detective Dorian interviewed defendant, who acknowledged having authorized the tow of the Volkswagen. According to Dorian, defendant explained that he had purchased the car from a Caseyville man approximately three weeks earlier for $800. Defendant claimed to have a purchase receipt but was unable to produce it at that time.

Approximately seven weeks later Detective Dorian spoke to the defendant for a second time at his home in Belleville. In this interview defendant named a Bill Krochek as the man from whom he had purchased the car. Although unable to recall the date of sale, defendant indicated the location of the transaction and reaffirmed the purchase price of $800, $400 in cash and $400 upon receipt of the title from Krochek. Dorian was then told that the sales receipt obtained from Krochek was in the possession of defendant's counsel.

One week later Detective Dorian obtained a photostatic copy of the front side of the receipt. He described it at trial as a rent receipt form, denoting a $400 payment for a 1970 Volkswagen, received from and signed by Bill Krochek. No vehicle identification number was noted on the receipt, nor did it contain any reference to the defendant or the date. Dorian testified without objection that his extensive search through statewide and local records failed to locate a Bill or William Krochek. Defendant was subsequently indicted for the theft of the auto.

It should be noted at the outset that a substantial amount of confusion has been generated by the argument and briefs of appellate counsel in this case. The confusion stems from a controversy over the State's theory of the case at trial. Defendant contends that the State sought to establish his guilt of unauthorized control of the car at the Riteway dealership but not

of the initial taking of the auto from the K-Mart lot. The uncertainty concerning the State's trial theory is apparently an outgrowth of the original indictment:

"DENNIS McINTOSH on the 9th day of November, 1974 and in the County of Madison, in the State of Illinois, committed the offense of THEFT, in that he did knowingly exert unauthorized control over property, to-wit: a 1970 Tan Volkswagon, VIN: #1102—585752, said property having a value in excess of One Hundred and Fifty ($150.00) Dollars, the property of GILBERT J. BIONDI, located at 9409 Collinsville Road, Collinsville, Illinois, with the intent to permanently deprive the owner of the use and benefit thereof, in violation of Paragraph 16—1, Chapter 38, Illinois Revised Statutes, and against the peace and dignity of the said People of the State of Illinois."

Clearly an error existed in the language of the indictment, for 9409 Collinsville Road, Collinsville, Illinois is the address of Riteway Volkswagen. This address refers not to the site of the original taking on November 9, 1974, but rather to the location at which defendant possessed the stolen automobile ten days later. With the consent of defense counsel, the State's motion to delete the Riteway address as mere surplusage in the indictment was granted on the first day of trial. There was neither a claim of surprise nor any mention of an alibi defense with respect to the November 9 date. Defendant has made no challenge in this court to the sufficiency of the indictment.

■■ The precise nature of the crime charged in the indictment is highly significant to both the form and quality of the required proof as well as to the question of venue. We recognize that the crime of theft charged under section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)) need not necessarily begin at the time of the original taking, but may exist at the time of the arrest. (*People v. Quick*, 15 Ill. App. 3d 300, 304 N.E.2d 143; *People v. Petitjean*, 7 Ill. App. 3d 231, 287 N.E.2d 137; *People v. Nunn*, 63 Ill. App. 2d 465, 212 N.E.2d 342.) Thus, a defendant may be convicted of theft even though his guilt of the initial taking is subject to considerable doubt. (*People v. Helm*, 10 Ill. App. 3d 643, 295 N.E.2d 78; *People v. Nunn*, 63 Ill. App. 2d 465, 212 N.E.2d 342.) Consequently, defendant could properly have been charged and tried for theft merely on the basis of his assertion of control of the auto at Riteway, without reference to the initial taking. However, such was not the nature of the theft charged in the modified indictment. By alleging that the theft occurred on November 9, 1974, the State charged defendant with the initial taking of the auto. His subsequent unauthorized possession of the car at Riteway, while possibly sufficient in and of itself to support a theft conviction, could operate only as evidence of the

asportation which occurred on November 9. It could not serve as an independent basis for a theft conviction under this indictment.

The final resolution of the venue question in this case is also dependent upon the nature of the theft charged. Since the element of venue must be established with regard to the locus of the crime, the type of theft charged becomes crucial. The parties agree that the State established that the original taking of the car from the K-Mart lot occurred in Madison County, Illinois. However, in this appeal both defendant and the State approach the issue as though venue must have been established with respect to the location of Riteway Volkswagen rather than the Collinsville K-Mart. Since the location of Riteway was not shown to have been in Madison County, the defendant argues proper venue was not established. Defendant points out that venue is an element of substance which must be proved at trial beyond a reasonable doubt in order to sustain his conviction. (*People v. Pride*, 16 Ill. 2d 82, 156 N.E.2d 551; *People v. Ross*, 99 Ill. App. 2d 454, 241 N.E.2d 665.) He contends that since the testimony elicited at trial did not meet the standard necessary for proof of venue, his conviction must accordingly be reversed without remand.

After carefully reviewing the record in this case we are convinced that the State's theory in the trial court was directed to the proof of defendant's guilt of the initial theft. Several factors support our conclusion. For example, in response to a question propounded through pretrial discovery, the State answered that the offense in question took place at the Collinsville K-Mart rather than Riteway. In addition, it appears from the State's evidence and comments in the opening and closing statements that the prosecution clearly sought to prove defendant guilty of the original taking. For example, during his opening and closing statements, the prosecutor made the following remarks:

> "Now, as the Court advised you early in these proceedings, the defendant has been indicted with the charge of Theft Over $150.00 and that he did allegedly steal a certain 1970 tan Volkswagen that was the property of Gilbert Biondi * * *.
>
> The Court will instruct you among other things that if you find that the defendant had exclusive possession of recently stolen property and he has no reasonable explanation for that possession, that you may infer that the defendant obtained possession of that property by theft * * *.
>
> There can be no other reasonable conclusion to be drawn from the evidence but that the defendant stole the car * * *."

Such comments are not susceptible to a contrary interpretation.

In addition, the jury was instructed, upon the State's tender of Illinois Pattern Jury Instructions, Criminal, No. 13.21, regarding the allowable inference arising from exclusive possession of recently stolen property.

However, there was no need for such an inference if defendant was being prosecuted for theft simply by virtue of his conduct at Riteway. By proving the unauthorized control over Gilbert Biondi's auto at Riteway, the State would have established a prima facie case (assuming requisite intent could otherwise be inferred through his exercise of dominion) without the aid of any inference, for "one is a thief when he knowingly exerts unauthorized control through *mere possession* of the property, intending permanently to deprive the owner of its use." *People v. Helm*, 10 Ill. App. 3d 643, 646, 295 N.E.2d 78. (Emphasis added.)

■■  Finally, the State's decision to establish venue with respect to the location of Collinsville K-Mart rather than Riteway is a strong indication of the theory of theft being pursued. That is, during the direct examination of Gilbert Biondi, owner of the stolen auto, the following was stated:

> "Q: Are you familiar with the location, the place of employment for your daughter, Toni? Is—
> A: Yes.
> Q: It K-Mart?
> A: Yes, sir.
> Q: And in what County and State is K-Mart located?
> A: Madison.
> Q: Madison County, State of Illinois?
> A: Yes, sir."

We think the combination of factors noted above clearly indicates that defendant was charged and prosecuted for the theft of the auto from the K-Mart parking lot in Collinsville, Illinois on November 9, 1974. Having made this determination, it is equally clear that venue in Madison County was properly proved. Accordingly, the only question remaining is whether the evidence adduced at trial was sufficient to establish defendant's guilt beyond a reasonable doubt.

■■■  There being no direct evidence linking defendant to the theft from the K-Mart parking lot, the strength of the State's case must rest upon the proposition that exclusive and recent possession of stolen property is sufficient to raise a presumption of guilt unless such possession is explained in such a manner as to raise a reasonable doubt of guilt. (*People v. Hawkins*, 27 Ill. 2d 339, 189 N.E.2d 252; *People v. Woods*, 26 Ill. 2d 557, 188 N.E.2d 1, *cert. den.* 373 U.S. 945; *People v. White*, 99 Ill. App. 2d 270, 240 N.E.2d 342.)

> "The presumption that the possessor of recently stolen property is the thief is an inference which the jury may be permitted to draw based on human experience and common sense from known events or circumstances." (*People v. Barber*, 20 Ill. App. 3d 977, 979-80, 313 N.E.2d 491.)

In addition, it was considered well settled by the court in *People v. Davis*, 69 Ill. App. 2d 120, 125, 216 N.E.2d 490, "that the possession of a recently stolen automobile is sufficient to warrant a conviction for theft of that automobile."

■■■ The usual application of the above rule requires the State to introduce evidence that the auto had in fact been recently stolen before defendant was found to be in exclusive possession. Such evidence creates an inference of guilt which can be rebutted by defendant's explanation. The procedure was fully explained by the court in *People v. Hanson*, 97 Ill. App. 2d 338, 240 N.E.2d 226:

"When the courts speak of an explanation they do not mean that any explanation overcomes the inference of guilt. It must be a satisfactory explanation—one that the trier of fact finds reasonable and acceptable. This does not mean that a defendant must assume the burden of giving a satisfactory explanation for the possession of stolen property or be found guilty if he does not, for the burden is always upon the State to prove him guilty beyond a reasonable doubt. It does mean, however, that the inference arising from the recent and exclusive possession of stolen property casts the burden of going forward with the evidence upon the defendant. If no explanation is made the inference maintains and the weight to be given it is for the trier of fact to decide. If an explanation is made, the acceptance or rejection of the explanation is also for the trier of fact." (97 Ill. App. 2d 338, 342.)

Moreover, a defendant who chooses to explain his possession of stolen property must offer a reasonable story or be judged by its improbabilities. *People v. Kilgore*, 33 Ill. App. 3d 557, 338 N.E.2d 124; *People v. Ward*, 31 Ill. App. 3d 1022, 335 N.E.2d 57.

While defendant elected not to testify in the trial court, his defense counsel argued that defendant's conduct was at all times open, forthright and consistent with his explanation that he had purchased the auto from Bill Krochek. He strengthens this contention on appeal by pointing to specific conduct which is allegedly inconsistent with criminal intent. Thus, he argues that by giving his correct name, address and phone number at Riteway Volkswagen, by representing that the car was his own, and by explaining the sales arrangement to Detective Dorian, he furnished a believable explanation sufficient to create a reasonable doubt as to his guilt.

However, from our view of the record defendant's explanation was not so readily believable. For example, at this initial meeting with Detective Dorian, just eleven days after the theft, defendant asserted that the vehicle had been purchased for $800 from a Caseyville man about three

weeks earlier. Yet defendant was unable to remember the seller's name or address; nor could he produce a receipt. Defendant's first explanation thus placed the date of the alleged purchase prior to the date the car was stolen.

In spite of his vague recollection at the first meeting, defendant was able to recall substantially more details some seven weeks later during a second interview with Detective Dorian. He could then remember the seller's name as Bill Krochek; that the place of sale was somewhere on Art Street, State Park Place, Collinsville, Illinois; and that the price of $800 was to be paid in two installments of $400 each, the first when defendant took possession and the second when he received title. However, defendant remained unable to produce a receipt and could not recall the date of purchase or the address of the seller.

As previously noted, Detective Dorian received one week later a copy of a receipt containing the name of Bill Krochek and an amount of $400 for a 1970 Volkswagen. While the receipt lends some support to defendant's story, the absence of any reference to the defendant, the date, or additional identification of the 1970 Volkswagen substantially diminishes its significance.

Several other disturbing questions are left unanswered by defendant's explanation. At the time the car was impounded it contained the VIN (Vehicle Identification Number) plate and license plates of a different vehicle registered to one Michael Johnson. Furthermore, it is apparent from the testimony of Detective Dorian that the improper VIN plate was visibly loose and in a location which the driver would notice each time he used the Volkswagen. Finally, defendant claims to have purchased a car for $800 which was valued at trial at $1400.

In *People v. Kilgore*, 33 Ill. App. 3d 557, 338 N.E.2d 124, the court rejected the defendant's explanation that he had bought the car as a total "burn out" and that he had refinished it after purchasing interior parts from "Frank Nitti's on Irving Park Road." When stopped by police officers, the defendant had produced a bill of sale for the vehicle from an auto parts company displaying the date of July 1, 1971, and a price of $500. The court emphasized the discrepancy between the price on the bill of sale and the actual value of the auto—over $2400. In addition, the court noted that the license plates on the car had been issued for a different auto, that the vehicle identification number (VIN) had apparently been altered, and that the condition of the car did not correspond with defendant's account that it had been refinished.

The explanation offered by defendant in this case is worthy of no better reception. He was admittedly exercising exclusive control over a stolen auto with spurious license plates and an obviously altered VIN plate. The

purported purchase price of nearly one-half of the car's actual value and the erratic character of defendant's memory with regard to vital facts justified the rejection of his account by the jury.

■■ From the totality of circumstantial evidence presented against him, we find that defendant was in exclusive possession of a recently stolen automobile (see *People v. Pride*, 16 Ill. 2d 82, 156 N.E.2d 551; *People v. Hanson*, 97 Ill. App. 2d 338, 240 N.E.2d 226) and that his explanation was insufficient to raise a reasonable doubt as to his guilt. The judgment of the circuit court of Madison County is affirmed.

Affirmed.

EBERSPACHER and KARNS, JJ., concur.