THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFREY ALEXANDER, Defendant-Appellant.

Third District No. 80-434

Opinion filed September 11, 1981.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Following a bench trial in the Circuit Court of Will County, the defendant, Jeffrey Alexander, was found guilty of theft of property having a value in excess of $150 and was sentenced to serve a three-year determinate term of imprisonment. From this conviction the defendant now appeals, raising only one issue, whether his conviction must be reversed due to a fatal variance between the facts alleged in the charging instrument and the facts adduced at trial.

The information which charged the defendant with theft alleged that on or about October 31, 1979, the defendant committed the offense of theft by knowingly exerting unauthorized control over a 1973 Buick Electra, valued at more than $150, the property of Leola H. Perkins, with the intent to permanently deprive her of it. The offense was alleged to have occurred in Will County, Illinois.

At the trial, the State's first witness was Leola Perkins, the owner of the 1973 Buick. She testified that on October 31, 1979, she was living at 2425 Hawthorne Street, Flossmoor, Illinois, which is located in Cook County. On that date at 2:10 p.m., a man confronted Ms. Perkins in her home. The man, who possessed a gun, told Ms. Perkins he was not going to rape her, that all he wanted was her money and jewelry.

The man took money and jewelry from various locations in the house, and then insisted that there was more money in the house. Ms. Perkins said she did not have more money in the house, but there was money in the bank. She was then forced to enter her car, a 1973 Buick Electra, and to drive to her bank, South Suburban Federal Savings, which was located approximately two miles from her home.

When they arrived, the assailant told her to leave her keys in the car and to go inside the bank to withdraw some money. Ms. Perkins entered the bank and told the bank employees to call the police. She then observed the intruder drive away in her automobile.

Eleven days later, on November 11, 1979, shortly after midnight, the defendant was observed in Crete, Illinois, sitting inside of the complainant's car as it was parked and idling in the 500 block of Haweswood Drive. Crete is located in Will County, Illinois. The defendant was then placed under arrest.

Later testimony established that the minimum wholesale value of a 1973 Buick Electra was two to three hundred dollars and that the minimum retail value was three to four hundred dollars. The State also presented testimony which tended to establish that the defendant's fingerprints were found in the home of Ms. Perkins in Flossmoor, Illinois.

After presenting its evidence, the State rested, and the defense rested without presenting any evidence. The court then found the defendant

guilty of theft as charged in the information, finding specifically that the defendant committed the offense "as set forth in the information, on November 11, 1979, which is on or about October 31, 1979."

On appeal, the defendant contends that his conviction must be reversed because the State failed to prove that the offense occurred in Will County on October 31, 1979. Defendant's argument is ingenious, but meritless.

■■ The information alleged that the exertion of unauthorized control occurred in Will County "on or about" October 31, 1979. While the particular county in which a crime occurred is a material element of a State's case (*People v. Pride* (1959), 16 Ill. 2d 82, 156 N.E.2d 551) and the conviction must be reversed if the State proves the offense occurred in a county other than that alleged in the charging instrument (*People v. McClellan* (1977), 46 Ill. App. 3d 584, 360 N.E.2d 1225), the date alleged need not be proved precisely unless a particular time is an essential element of the crime or a statute of limitations is involved. *People v. Taylor* (1958), 13 Ill. 2d 215, 148 N.E.2d 761.

Because "exerting unauthorized control" is not limited to the taking of the property and a defendant can be found guilty of theft solely on the basis of exerting unauthorized control over the property at the time of the arrest (*People v. Nunn* (1965), 63 Ill. App. 2d 465, 212 N.E.2d 342), the defendant's only complaint is that the State failed to prove the commission of the offense on the date charged. Since the charging instrument said "on or about" October 31, 1979, we do not find proof of exertion of unauthorized control by the defendant on November 11, 1979, to be fatal.

The defendant's argument heavily relies on *People v. Rivas* (1955), 5 Ill. 2d 556, 126 N.E.2d 638, and *People v. McIntosh* (1977), 48 Ill. App. 3d 694, 363 N.E.2d 128. Both are distinguishable from the case at bar.

In *Rivas*, the indictment set forth a specific offense of selling six capsules of heroin on June 28, 1952. However, as proof, evidence of two prior separate and distinct offenses which occurred on June 27 were offered. Thus, three separate indictable offenses were involved and a conviction of one would have presented no bar to a prosecution of the others. In the instant case, no such double jeopardy problem exists. Only one offense of theft was involved.

In *McIntosh*, the indictment alleged that "on" November 9, 1974, the defendant committed theft by knowingly exerting unauthorized control over an automobile located at a specific address, which happened to be the location of Riteway Volkswagon. The evidence at trial disclosed that on November 9 the automobile was discovered by its owner to be missing at a location other than Riteway. On November 19, 1974, defendant was found exerting unauthorized control over the automobile at Riteway. The

appellate court found that since the indictment charging defendant with the offense of theft alleged that he exerted the unauthorized control over the car on November 9, defendant was charged only with the initial taking and that the evidence of his unauthorized control on November 19 could not serve as an independent basis for the theft conviction. The court went on to hold, however, that sufficient evidence of the initial taking on November 9 was established by the defendant's recent and exclusive possession of the car on November 19 to uphold the conviction.

■■ After giving full consideration to the relevant authorities cited above, we must affirm the judgment of the Circuit Court of Will County.

Affirmed.

STOUDER, J., concurs.

Mr. JUSTICE HEIPLE, dissenting:
The State of Illinois charged the defendant, Jeffrey Alexander, by information:

"* * *

THAT ON OR ABOUT October 31, 1979, at and within Will County, Illinois, Jeffrey Alexander, a male person, committed the offense of theft, Class 3 felony in that, he knowingly exerted unauthorized control over a 1973 Buick Electra, valued at more than $150, the property of Leola H. Perkins, intending to deprive Leola H. Perkins, permanently of the use and benefit of said property in violation of Chapter 38, §16—1(a)(1) of the Illinois Revised Statutes.

* * *"

From the words of the indictment, it is clear that defendant was charged with theft of a 1973 auto in Will County on October 31, 1979. Defendant argues the State did not prove that he stole the car in Will County on October 31, 1979. I agree.

During a bench trial, the victim, Mrs. Perkins, testified that on October 31, 1979, a man brandishing a gun entered her home in Flossmoor, Illinois, and demanded money and jewelry. These were turned over. He demanded more. Mrs. Perkins responded she had no other valuables, but did have currency in her savings account. At gunpoint, she was forced into her 1973 Buick Electra, and she and the gunman drove to South Suburban Federal Savings, a distance of some two miles from her home. On arrival, she was instructed to enter the bank and withdraw funds from her account. After leaving the car keys with the gunman, Mrs. Perkins entered the bank. Once inside she informed bank personnel of the situation. The gunman, observing this, drove off.

Mrs. Perkins' home and South Suburban Federal Savings are both located in Cook County, Illinois.

On November 11, 1979, defendant was arrested in Crete, Illinois. He was sitting in Mrs. Perkins' car, the 1973 Buick, the motor running. The city of Crete is in Will County, Illinois.

The balance of the State's case-in-chief focused on testimony concerning Alexander's fingerprints in Mrs. Perkins' home, and proof of the car's value in excess of $150. It then rested. Defendant presented no evidence. The court found defendant guilty of theft, stating he committed the offense "* * * as set forth in the information on November 11, 1979, which is on or about October 31, 1979 * * *."

The specific county in which a crime occurs is an essential ingredient of the State's cause in a criminal trial. It must be correctly stated in the information or indictment and proved at trial. (*People v. Pride* (1959), 16 Ill. 2d 82, 86.) The State failed to prove the defendant exerted unauthorized control over the 1973 Buick in Will County on October 31, 1979. No evidence adduced even indicates his presence in that county at or near that time.

Defendant could have been tried for theft of the Buick in Will County on November 11, 1979, on the basis of his assertion of control over stolen property. But he wasn't. *People v. McIntosh* (1977), 48 Ill. App. 3d 694, 697-98.

The trial judge's finding that the theft which occurred on November 11, 1979, "* * * is on or about October 31, 1979 * * *" is wrong. November 11 is not on or about October 31. The State had two options regarding this defendant. They could have charged the defendant in Cook County with theft in Cook County on October 31, 1979. Or they could have charged him in Will County with theft in Will county on November 11, 1979. Instead, they muddled counties and dates. Since separate charges could have been filed, the specific date when the offense occurred had to be alleged in the information and subsequently proved. Quite simply, the State did not prove a theft occurred in Will County on October 31, 1979. The defendant was accordingly entitled to a judgment of acquittal of that charge.

Respectfully, for the reasons stated, I dissent.