THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY HUDSON, Defendant-Appellant.

First District (4th Division)   No. 84—0492

Opinion filed October 24, 1985.

James J. Doherty, Public Defender, of Chicago (Linda J. Seeley and Robert P. Isaacson, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Maureen A. Harton, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial, defendant, Gregory Hudson, was convicted of armed violence and armed robbery (Ill. Rev. Stat. 1983, ch. 38, pars. 33A–2, 18–2) and sentenced to two 12-year concurrent terms of imprisonment. Defendant now appeals his convictions and sentences, arguing that his convictions should be reversed because (1) there was a *per se* conflict of interest on the part of his trial attorney, (2) the complainant's and Officer Sampson's in-court identification of him was based on inadmissible hearsay, (3) he was denied a fair trial due to repeated acts of prosecutorial misconduct, and (4) he was wrongfully convicted of armed violence.

We affirm in part and vacate in part.

The record shows that on April 13, 1983, complainant, Terry Watkins, was robbed at gunpoint in Harvey. Complainant testified that he was standing alone on the corner of 147th Street and Winchester, in Harvey, when two men came up behind him and placed a gun to his back and stated, "This is a stickup." Complainant immediately recognized one of the men as Willie Ward. He described the other man, whose name he did not know, as light-complexioned and wearing dark glasses, a blue skullcap, and a black jacket. This man was subsequently identified as Gregory Hudson, the defendant. Complainant stated that immediately after the robbery he stopped a police squad car and told the policeman (Officer Macklin) that he had been robbed and gave the officer a description of both men. After learning in which direction the two men fled, Officer Macklin immediately left in pursuit of them. Within minutes thereafter, complainant heard a car crash; he walked to the scene where he saw the officer. When he approached the squad car, he saw defendant in the back seat. He told the officer that defendant was one of the men who had robbed him.

On April 15, 1985, complainant identified defendant in a lineup. At trial, Officer Sampson testified that he conducted that lineup and that he observed complainant identify defendant as one of the persons who had robbed him. On the same day, defendant was questioned by Assistant State's Attorney Jack Steed and admitted that he and Willie Ward robbed the complainant at gunpoint. Defendant subsequently signed a statement to this effect. At trial, Assistant State's Attorney Steed testified that, in his presence, defendant admitted that he along with Ward robbed the complainant at gunpoint.

Officer Macklin testified that on April 14, 1985, complainant stopped his car and informed him that he had been robbed. He pursued the two men until the car they were driving crashed into a tree. Thereafter, defendant exited the car and the officer took him into cus-

tody. Officer Macklin further stated that complainant arrived at the scene after he had placed defendant in his squad car, and that complainant went to the squad car and identified defendant as one of the persons who had robbed him. Defendant also testified, stating that it was his signature on the statement in which he admitted that he and Ward robbed complainant at gunpoint.

OPINION

Defendant first contends that his convictions should be reversed because his trial attorney's past representation of complainant Watkins created a *per se* conflict of interest. We need not consider defendant's argument, since we conclude that defendant knowingly and intelligently waived his right to object to any conflict of interest created as a result of his attorney's past representation of complainant.

■ The determination of whether the right to counsel free from any conflict of interest has been knowingly and intelligently waived depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of defendant. (*People v. Lewis* (1981), 88 Ill. 2d 429, 437-38, 430 N.E.2d 994, 998, quoting *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 1023.) Here, the record reveals that defendant's attorney was his chosen private attorney and that defendant, under oath, stated that he understood there was a possible conflict of interest with his chosen counsel and that he waived any objections to the possible conflict. Next, the record shows that defendant has been convicted twice of burglary and has been arrested on several occasions for other charges which were dismissed. Defendant's prior encounters with the law indicate that he has some familiarity with the court system. Thus, his past exposure to the legal system aided his ability to appreciate the relationship of the parties and the possibility of conflicting interest. (*People v. Stroner* (1982), 104 Ill. App. 3d 1, 7, 432 N.E.2d 348, 352, *modified on appeal* (1983), 96 Ill. 2d 204.) We conclude that defendant was adequately informed of the significance of the alleged conflict and understood how it could arguably affect his representation and that he knowingly and intelligently waived his right to object to any conflict of interest.

■ Defendant next contends that the in-court identification of him by complainant and Officer Sampson is based on inadmissible hearsay. We note that defendant failed to include this argument in his post-trial motion for a new trial. Therefore, he has waived his right to question the sufficiency of the testimony. (*People v. Lucas* (1981), 88

Ill. 2d 245, 250, 430 N.E.2d 1091, 1093.) Nevertheless, we will examine this issue to determine whether the "plain error" rule applies.

We will first examine the testimony to ascertain whether or not the identification is based upon inadmissible hearsay. On April 15, 1985, Officer Sampson conducted a lineup identification in which complainant identified defendant as one of the persons who robbed him. At trial, complainant testified that he identified defendant in the lineup. Officer Sampson also testified that he observed complainant identify defendant in that lineup. Defendant objects to the testimony of both complainant and Officer Sampson as inadmissible hearsay.

In *People v. Rogers* (1980), 81 Ill. 2d 571, 579, 411 N.E.2d 223, 227, the Illinois Supreme Court delineated the guidelines governing the admissibility of out-of-court identification. The court stated the guidelines as follows:

"If a third person were to testify that he saw or heard A identify B as the person who committed the offense, that would obviously and clearly be hearsay testimony and would not be admissible. However, if A testifies that he previously identified B and his veracity is tested by cross-examination, the reason for excluding the third person's testimony has been removed. The third person should then be permitted to testify that he heard or saw A identify B because both A and the third person would be subject to cross-examination concerning the out-of-court identification. Evidence of such out-of-court identification by both A and the third person should be admissible but should be used only in corroboration of in-court identifications and not as substantive evidence. Before the third person is permitted to testify as to A's identification of B, A should first testify as to his out-of-court identification." 81 Ill. 2d 571, 579.

In the instant case, contrary to defendant's assertions, complainant did make an in-court identification of defendant as one of the men who robbed him. Complainant testified that he identified defendant in a lineup. Because complainant was present in the court and underwent extensive cross-examination by defense counsel, the reason for excluding his out-of-court identification testimony was removed. Furthermore, his testimony was used only to corroborate his in-court identification of defendant. Similarly, Officer Sampson's testimony that he observed complainant identify defendant was admissible, since both he and complainant were subject to cross-examination and his testimony was used only to corroborate complainant's in-court identification. Since we conclude the testimony is not hearsay, the plain error rule does not apply.

■ Defendant next argues that he was denied a fair trial because the prosecution asked improper questions and made improper comments during trial. Of the questions and comments alleged to have been improper, only one was objected to during the trial by defendant. The comments to which no objections were raised included questions by the prosecution concerning defendant's alleged intimidation of complainant while defendant was awaiting trial, the prosecutor allegedly vouching for the State's witnesses, and the prosecutor's alleged unfounded accusations against the defense team.

A failure to object to improper comments or questions at trial operates as a waiver of the right to consider the question on appeal. (*People v. Lucas* (1981), 88 Ill. 2d 245, 250, 430 N.E.2d 1091, 1093.) However, if the improper comments made at trial were plain error or defects affecting substantial rights, they may be considered by the appeals court under Supreme Court Rule 615(a), even though not objected to at trial. (88 Ill. 2d 245, 250.) Comments have been held to be plain error where the evidence at trial is closely balanced or where the errors were of such magnitude that defendant was denied a fair trial. (88 Ill. 2d 245, 251.) Moreover, before plain error can be considered as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error is so prejudicial that real justice has been denied or that the verdict of the jury may have resulted from the error. *People v. Yates* (1983), 98 Ill. 2d 502, 533, 456 N.E.2d 1369, 1385.

A review of the record discloses that the evidence was overwhelmingly against defendant. Complainant's testimony indicates that on several occasions he identified defendant as one of the men who robbed him. Several witnesses testified that they observed complainant identify defendant as one of the persons who robbed him. Lastly, defendant signed a statement admitting to the armed robbery. We hold that because of the overwhelming evidence against defendant, the jury's verdict did not result from error nor was defendant denied real justice.

Defendant objected to the following question at trial:

"MISS COX [assistant State's Attorney]: The person who you had accused of committing an armed robbery called you at your own house where you live and asked you to come with him and sign something that says he didn't do it, right?

MR. WATKINS [complaining witness]: Right."

He argues that this question was error because it was not supported by the evidence. Even assuming the comment did constitute prejudicial error, we conclude it was harmless in light of the overwhelming

evidence of defendant's guilt. *People v. Shepard* (1983), 114 Ill. App. 3d 598, 603, 449 N.E.2d 222, 225.

■ Finally, defendant argues that the trial court erred in convicting him of armed violence. We agree. Defendant was convicted of armed violence and armed robbery. Multiple convictions for armed violence and the underlying felony cannot stand where a single physical act is the basis for both convictions. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479.) Here, the armed robbery charge is the underlying felony for defendant's armed violence conviction. Furthermore, a single physical act (defendant robbing complainant at gunpoint) is the basis for both the armed violence and the armed robbery convictions. Therefore, in accordance with *People v. Donaldson,* we vacate defendant's conviction and sentence for armed violence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed as to the conviction and sentence for armed robbery and vacated as to the conviction and sentence for armed violence.

Affirmed in part and vacated in part.

JIGANTI, P.J., and LINN, J., concur.