THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAYMOND JACKSON, Defendant-Appellant.

First District (1st Division)   No. 1—89—0857

Opinion filed June 28, 1991.

Michael J. Pelletier and Martin Carlson, both of State Appellate Defender's Office, and Chapman & Cutler, both of Chicago (Susan Shallenberger, of counsel), for appellant.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Gael M. O'Brien, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Following a jury trial defendant was found guilty of criminal sexual assault and sentenced to four years in prison. On appeal defendant contends that the trial court's refusal to permit certain cross-examination of complainant denied him his constitutional right to confrontation of witnesses.

Defendant has also moved for leave to file a supplemental brief in which he contends that he should be granted a new trial under the plain error doctrine because the trial court allowed the complainant to testify regarding her homosexual relationship. (134 Ill. 2d R. 615(a).) In response the State filed a motion to strike the brief.

The consensual nature of the sexual encounter which took place between complainant and defendant was the central issue at trial. Prior to trial, the trial court granted the State's motion to bar any reference to complainant's abortion of June 1986 and miscarriage two months later. This information appeared in the medical history complainant gave to the hospital personnel after she claimed defendant had raped her.

Before eliciting testimony from the complaining witness regarding the events of November 3, 1987, complainant was asked about her relationship with Christine Mathis (Shannon). Complainant stated that at the time of the occurrence Shannon was her lesbian lover, and that she, complainant, did not date men. She also testified that the last time she had "messed around with men" was in 1983 or 1984. On cross-examination complainant denied "messing around" with any men in 1986.

Complainant testified that on the evening in question she was preparing for a party at her apartment at 6458 South Marshfield in Chi-

cago. All the guests except Shannon left by 4 a.m., and she and Shannon made love before Shannon left at 7:30 a.m. Complainant then agreed to allow defendant, who was visiting complainant's aunt in an upstairs apartment, to sleep on the floor of her apartment and she returned to bed. Complainant was acquainted with defendant because he was dating her sister Rita. Sometime later she was awakened by defendant, who said he wanted to make love to her. Complainant testified that he grabbed her arms, pulled down her pants, forced her legs open and had vaginal intercourse with her. He then turned her over and again had vaginal intercourse with her from the rear. Complainant testified that she fought with defendant but did not scream. When the telephone rang she was able to pick up the telephone and say "Shannon," but defendant grabbed her arm and pulled the telephone jack from the wall. Defendant left when complainant agreed not to tell her sister.

Shannon confirmed that she left complainant's apartment at approximately 7:30 the morning after the party and that her telephone call to complainant was cut off. She testified that when she called again, there was no answer. When she finally reached complainant, complainant told her that defendant had raped her.

Complainant's aunt also confirmed that complainant came to her apartment about 9 a.m.; she was crying and saying that defendant had raped her. Police were called and complainant was taken to a hospital.

MaryAnne McClory, a nurse from Central Community Hospital, assisted in complainant's examination on the morning of November 4, 1987. McClory testified that complainant stated that she had been raped and McClory observed some bruises. McClory also testified that the complainant's pelvic examination revealed no vaginal trauma.

Complainant's sister Lorevius Jones (Rita) testified that in November 1987 she was six months pregnant by defendant and that she and defendant often spent time in complainant's apartment. She claimed that on one occasion complainant walked around clad only in a T-shirt and that another time complainant asked defendant to bring her a cigarette while she was bathing. Rita claimed that complainant dated both men and women and that two weeks prior to trial she had seen complainant with someone complainant described as "her man." Rita also claimed that complainant confided to her shortly after the incident that she had always wanted to have sexual intercourse with defendant.

Defendant testified that he was at complainant's apartment for the party on November 3, 1987, and then went upstairs. When com-

plainant came upstairs later, defendant asked if he could retrieve a bag he had left in her apartment. When he arrived two hours later, complainant invited him into her bedroom to watch television. She told him to make himself comfortable and eventually they had sexual intercourse with complainant's consent. Defendant recalled that complainant answered her telephone once but denied pulling the telephone jack. He confirmed that complainant had walked around her apartment on other occasions wearing little clothing and once had requested that he bring her a cigarette while she was in the bathtub. When contacted by police, defendant voluntarily went to the station.

In the prosecution's rebuttal argument, counsel argued that since complainant's sexual preference excluded males, the only conclusion that the jury could draw was that defendant forced her to have sexual relations.

We will consider first the State's request that defendant be denied leave to file his supplemental brief. Defendant claims that a new trial is warranted because the trial court allowed the prosecution to elicit testimony from complainant and her lesbian lover about their homosexual relationship. Defendant alleges that this error should be cognizable under Illinois Supreme Court Rule 615(a) in spite of his failure to raise the issue at trial, in a post-trial motion, in his docketing statement or initial brief. Defendant also refers to our recent decision in *People v. Kemblowski* (1990), 201 Ill. App. 3d 824, 559 N.E.2d 247, in which we determined that a new trial should be granted because the trial court erroneously allowed the jury to hear evidence that the complaining witness was a lesbian who had never consummated her marriage to her homosexual husband. The pivotal issue in *Kemblowski* was also consent to sexual intercourse.

■ Failure to object to questions at trial generally operates as a waiver of the right to consideration of the issue on appeal. (*People v. Hudson* (1985), 137 Ill. App. 3d 606, 610, 484 N.E.2d 1246.) Only if the improper questions were plain error or defects affecting substantial rights will we consider them under Supreme Court Rule 615(a) even though no objection was made at trial. Plain error occurs when the evidence is closely balanced or when the evidence is of such magnitude that defendant was denied a fair trial. (*Hudson*, 137 Ill. App. 3d 606, 484 N.E.2d 1246.) In addition the record must show that the jury verdict may have resulted from the error before plain error can be considered as a means of circumventing the waiver rule. *People v. Yates* (1983), 98 Ill. 2d 502, 533, 456 N.E.2d 1369.

■ In this case complainant admitted that she had previous relationships with men. Complainant's sister saw complainant with a man

complainant described as "her man" shortly before the incident. The sister also testified that complainant desired sexual intercourse with defendant. In light of this testimony, the jury could have rejected testimony of both complainant and "Shannon" that they were lesbian lovers and still convicted defendant from the balance of evidence against him. Thus, we reject defendant's request to file a supplemental brief on this issue and do not believe that our decision in *Kemblowski* requires a new trial.

■ In his appeal defendant contends that he was denied the right to confront his accuser regarding her two prior pregnancies because the trial court erroneously prohibited cross-examination of complainant.

We agree that one element of the State's case was the assertion that complainant's sexual orientation precluded consensual sexual relationships with men at the time of the encounter in question, but defendant was afforded ample latitude to impeach this contention. Complainant herself admitted to prior dating relationships with men. Defendant elicited from her the admission that she had "messed around" with men in 1983 and 1984. Complainant's sister testified that complainant was involved with a man just two weeks before the incident. She also testified that shortly after the incident complainant admitted to having long desired sex with the defendant. In the light of all this testimony, further cross-examination or impeachment of complainant regarding the 1986 abortion and miscarriage was cumulative and collateral. (*People v. Sandoval* (1990), 135 Ill. 2d 159, 181, 552 N.E.2d 726.) Thus the decision of the trial court limiting defendant's cross-examination of complainant was not error and did not interfere or infringe upon defendant's right to confront complainant. *Sandoval*, 135 Ill. 2d at 181.

Accordingly, defendant's motion for leave to file a supplemental brief is denied, and the judgment of the circuit court is affirmed. As part of our judgment, we assess defendant $50 as costs for this appeal.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.