THE CITY OF SPRINGFIELD

*v.*

JOEL DALBY.

*Filed at Springfield November 2, 1891.*

1. EMINENT DOMAIN—*damage to property not taken—situation and shape considered.* Where a strip of land is sought to be condemned for a street, dividing the tract over which it is proposed to establish the street in two unequal parts, evidence as to the susceptibility of one of the parts left to subdivision, into city lots, is proper, as having a direct bearing upon the value of that portion of the tract, and upon the extent to which that value will be affected by taking the land sought to be condemned.

2. On a proceeding to condemn a strip across a tract of land for a street, evidence showing the value of the property as a whole before the proceedings were commenced, and also showing the way in which the proposed street will cut the property up, and the situation in which the parts not taken will be left, and their capacity or want of capacity, in such situation, for being put to profitable uses, tends to show whether the property not taken will be damaged, and will furnish the jury a proper basis on which to estimate the damages.

3. SAME—*determining damages—inspection by jury.* While it is proper in such a proceeding to take the opinions of witnesses as to the amount of the damages, such opinions are not essential, nor is the jury bound by them, if given. It is the duty of the jury to determine the damages according to their own judgment of what seems proper from all the evidence before them, including the knowledge derived from their personal inspection of the premises.

4. The information obtained by the jury from a view and inspection of the land affected by the condemnation is in the nature of evidence, upon which the jury may, in connection with the other evidence, base their estimate of damages. Hence it is not error for the court to call the attention of the jury to such inspection, as furnishing, together with the evidence, the proper foundation upon which to base their verdict.

5. Where there is evidence tending to prove the damages the part of the land not taken will sustain by the laying out of a street over the same, and the jury personally inspect the land, the court may properly submit the question of damages to the jury by instruction.

6. PRACTICE—*re-examination of witness—discretion of court.* While, ordinarily, the re-examination of a witness by the counsel producing him should be confined to matters called out on cross-examination, it is clearly within the discretion of the court to permit questions to be put to him touching new matters, and the exercise of such discretion will not ordinarily be ground of reversal.

7. PRACTICE IN SUPREME COURT—*error will not always reverse.* Error in an instruction relating to the compensation to be paid for land sought to be condemned for a public use, such as a street, where no complaint is made as to the compensation allowed, is harmless, and affords no ground for reversal.

APPEAL from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding.

Mr. DAVIS McKEOWN, City Attorney, and Mr. TIMOTHY MC-GRATH, for the appellant:

The court erred in allowing defendant to testify to the size of lots that might be platted from a part of the real estate after the street is established, as it was not proper to go into the size of lots on re-examination; and, furthermore, a partial effect only is not to be considered, and the effect not upon a selected part, but upon the whole. *Hyde Park* v. *Dunham,* 85 Ill. 569.

The court erred in submitting to the jury the question as to whether or not the land not taken will be damaged by the opening of the street. *Martin* v. *Johnson*, 89 Ill. 537; *Aurora* v. *Hillman*, 90 id. 62; *Green* v. *Chicago*, 97 id. 370; *Coal Co.* v. *Chicago*, 26 Fed. Rep. 415; *Railroad Co.* v. *Bowen*, 40 Ind. 545; *Heady* v. *Vevay Turnpike*, 52 id. 119; *Close* v. *Samm*, 27 Iowa, 503; *Thompson* v. *Keokuk*, 61 id. 187; *Brakken* v. *Railroad Co.* 29 Minn. 41; *Washburne* v. *Railroad Co.* 59 Wis. 364; *Hyde Park* v. *Dunham*, 85 Ill. 569; *Railroad Co.* v. *Phelps*, 125 id. 485.

Messrs. CONKLING & GROUT, for the appellee:

The testimony of appellee as to the present situation of the property, the present use, the use to which it was adapted, and any facts throwing light upon the question of whether the street would benefit or injure the remaining property, was proper. *Haslam* v. *Railroad Co.* 64 Ill. 353; *Reed* v. *Railway Co.* 126 id. 48; *Railroad Co.* v. *Catholic Bishop*, 119 id. 525; *Hyde Park* v. *Dunham*, 85 id. 574.

As to the right of the jury to act on the information derived from their personal inspection of the land, see *Mitchell* v. *Railroad Co.* 85 Ill. 566; *Railroad Co.* v. *Hopkins*, 90 id. 316; *Green* v. *Chicago*, 97 id. 372; *Railway Co.* v. *Barnum*, 107 id. 160; *Kiernan* v. *Railway. Co.* 123 id. 195; *McReynolds* v. *Railway Co.* 106 id. 152.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a proceeding commenced in the County Court of Sangamon county to ascertain the compensation to be paid for property taken or damaged in extending Second street, in the city of Springfield, of the width of eighty feet, from a point near the north line of Carpenter street to North Grand avenue. An ordinance of said city was duly passed and approved by the mayor May 10, 1890, providing that said Second street should be opened, widened and extended between the points

above mentioned, and that the property necessary therefor be condemned for that purpose, the cost of the improvement to be paid by special assessment to be levied upon the property benefited thereby, to the amount that the same might be lawfully assessed therefor, and the residue by general taxation, according to the provisions of article 9 of the General Law for the Incorporation of Cities and Villages. In pursuance of said ordinance the original petition in this case was filed, praying for the condemnation of the property to be taken, and that the just compensation to be paid for the property to be taken or damaged be ascertained by a jury, as required by law.

Among the many parties defendant to said proceeding was Joel Dalby, who was the owner of a tract of land having a frontage of about 233 feet on Third street, and extending westerly from Third street about 600 feet, to a line about 100 feet east of First street. Said tract of land was and for many years had been owned and occupied by Dalby as his residence and homestead his dwelling house and other buildings being on that portion of it which fronted on Third street, the westerly portion of the tract being used by him as a pasture. The proposed improvement required the condemnation of a strip of land 80 feet in width, running north and south across said tract, and dividing it into two unequal portions.

Dalby appeared and filed a cross-petition, alleging that the portion of said tract not taken would be damaged by said improvement, and praying that such damages be allowed him, in addition to the value of the land taken. A trial was thereupon had, and the jury, after hearing the evidence and viewing said premises, found that the just compensation to be paid for the land taken was $600, and that the residue of said tract not taken was damaged $200. Pending the motion by the city for a new trial, Dalby remitted $100 from the amount allowed by the jury for the land taken, and the court thereupon overruled said motion and gave judgment on the verdict for $700. From that judgment the city now appeals to this court.

Counsel for the city admit that, so far as the $500 awarded as compensation for the land taken, they have no fault to find, the only complaint made by them having relation to the $200 awarded as damages to the property not taken. As to that part of the case errors are assigned which we will consider in their order.

The first is, that the court, when the appellee was being examined as a witness, improperly permitted questions to be put to him on re-examination, in relation to new matters, as to which he had not been interrogated, either on his direct or cross-examination. While ordinarily the re-examination of a witness by the counsel producing him should be confined to matters called out on cross-examination, it is clearly within the discretion of the court to permit questions to be put to him touching new matters, and the exercise of such discretion will not ordinarily be reviewed on appeal.

The subject matter of the questions put to the witness in this case was not of itself objectionable. It related to the susceptibility of that portion of the tract in question which will lie west of Second street when extended, to subdivision in an economical manner into city lots. It had therefore a direct bearing upon the question of the value of that portion of the tract, and upon the extent to which that value will be affected by taking the land sought to be condemned.

Complaint is made of the second, third and fourth instructions given to the jury at the instance of the appellee. The second and third instructions relate only to the compensation to be made for the land taken, and as no fault is found with the amount of compensation awarded, it is impossible to see how those instructions, even if they are erroneous, could have prejudicially affected the rights of the appellant. The fourth instruction is as follows:

"The court instructs the jury, that in this case the property owner has filed a cross-petition, claiming that the land described in the cross-petition and not taken by the proposed

street, is damaged, and after the jury determine the amount due for the land taken, they will consider and determine whether the land described in the cross-petition and not taken is damaged or rendered less valuable; and if they believe from the evidence and their inspection that the remaining land is damaged or cut up in such a way as to reduce its value, then they shall fix the amount of such depreciation and allow it to the property owner, Mr. Dalby, fixing it at what they believe from the evidence and their inspection of the premises is proper."

It is claimed that there was no evidence as to the amount of damages to the property not taken, and therefore that it was erroneous to submit that question to the jury at all. It is true no witness was produced who testified to any definite amount of damages, but evidence was given showing the value of the property as a whole before the proposed improvement was undertaken, and evidence was also given showing the way in which the proposed extension of Second street would cut the property up, and the situation in which that portion of it not taken would be left, and its capacity or want of capacity in such situation for being put to profitable uses. These facts tended to show whether the property not taken was damaged, and furnished the jury a proper basis upon which to estimate such damages. While it would have been proper to take the opinions of witnesses as to the amount of the damages, such opinions were not necessarily essential, nor would the jury have been bound by them if they had been given. It would then have been their duty to determine the amount to be awarded according to their own judgment of what seemed to be just and proper, from all the evidence before them. All the necessary elements from which the jury might form their independent estimate were shown by the evidence, and the court therefore properly submitted the question to them for decision. Furthermore, the jury were permitted to personally inspect and view the premises, and the information thus obtained was in the nature of evidence, upon which, in connec-

tion with the other evidence in the case, they had a right to base their estimate of damages.

Again, it is objected that said instruction singled out and gave undue prominence to the personal inspection of the premises by the jury as a basis for their verdict. This we think is not the case. Twice it refers to said inspection, but both times in connection with the evidence, and no prominence seems to be given to the jury's inspection of the premises which does not properly belong to it. Whether the information obtained by such inspection is to be treated the same in all respects as other evidence, so as to justify a verdict upon that alone, need not be decided, there being, as we have already seen, other evidence in the case sufficient to warrant a submission of the question to the jury. But it was at least in the nature of evidence and the jury had a right to look to it for essential aid in making their assessment of damages. It was not error therefore for the court to call the attention of the jury to their inspection of the premises, as furnishing, together with the evidence, the proper foundation upon which to base their verdict.

The further point is made that the verdict is contrary to the evidence. That there is evidence tending to support the verdict we think is unquestionable. The jury who heard and saw the witnesses, and who visited and inspected the premises, were in a much better position than we can be to determine whether cutting up said premises in the way made necessary by the extension of said street, will on the whole benefit or damage the remaining portions of the tract, and to estimate the amount of the damages, if any are caused by the improvement. There is no course of reasoning apparent to us, and which commends itself to our judgment, furnishing to us even plausible grounds for differing from those reached by the jury, and endorsed by the trial court.

We see no cause for disturbing the judgment, and it will accordingly be affirmed.          *Judgment affirmed.*