(No. 36236.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ISAIH WILLIAMS, Plaintiff in Error.

*Opinion filed March 23, 1962.*

J. WILLIAM HAYTON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and LEO F. POCH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant was tried by the court without a jury in the criminal court of Cook County and was convicted of the crime of larceny of a motor vehicle. A writ of error has been issued to review the judgment of conviction.

It was stipulated at the trial that Andrew Felton, the owner of the automobile, would testify that he parked his 1959 Chevrolet in front of his home at night and that the following morning he found the car was missing. A few days later he identified the car at the city auto pound. It was stipulated that this witness would testify that when he

saw the car at the pound, the trunk lock was broken, the ignition wires were pulled out and a radio and a jack were missing.

Edward Martin, a police officer, testified that on July 2, while he was on routine patrol, he saw a 1959 Chevrolet parked in the vicinity of 710 East 63rd Street in Chicago. The officer waited to see if anyone would return to the car, and a short time later two men returned and were placed under arrest. Neither of these men was the defendant. After a conversation with these men, the officer proceeded to the defendant's home and placed him under arrest. Officer Martin testified that defendant told him "the car" had been loaned to him by a girl by the name of Dorothy Simpson. The officer attempted to locate Dorothy Simpson but was unable to do so.

This was the only evidence offered on behalf of the State. The most which can be said for it is that it established that Andrew Felton's car had been stolen, that a few days later a 1959 Chevrolet was recovered by the police; and that the defendant claimed to have received "the car" from Dorothy Simpson. Not only does this testimony fail to positively link defendant with the car found by the police, it completely fails to prove that the car found on the street was the car stolen from Felton. A judgment of conviction cannot be permitted to stand upon such evidence.

The judgment of the criminal court of Cook County is therefore reversed.

*Judgment reversed.*