THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN WRIGHT, Defendant-Appellant.

(No. 58217; )

First District (4th Division)—November 13, 1974.

James J. Doherty, Public Defender, of Chicago (Robert Gevirtz, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Mariann Twist, and Nick Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

After a bench trial in the Circuit Court of Cook County, the defendant, Marvin Wright, was found guilty of grand theft and was sentenced to a term of 1 to 4 years in the penitentiary.

The issues for review are whether the defendant was found guilty of theft beyond a reasonable doubt, and whether the sentence imposed is excessive.

Sylvester Armour testified that at about 10:42 P.M. on January 24, 1971, he drove to the Senn Park Nursing Home located at 5888 North Ridge Avenue in the City of Chicago to pick up his wife, who worked there. He was driving a red and black 1968 Cadillac, and because he had just purchased it, there were no license plates on the car. While he was waiting for his wife, a man knocked on the window of the car. As he began to roll down the window, the man pulled open the door and

pointed a gun at him. He was told to move over to the passenger side of the car and hand over his money and coat, which he did. The man with the gun got in the driver's seat, and another man came around to the other side of the car, while a third got in the back seat. After the man on the passenger side of the car had moved away, Armour testified he was able to jump out and run to the nursing home. He saw two individuals drive off in his car and then called the police. Armour later identified the man with the gun as Michael Crawford.

Officer Tansey of the Chicago Police Department testified that on the night in question he and his partner observed two cars heading south on Western Avenue playing bumper tag. This occurred about a mile from the nursing home. The front car was a 1968 or 1969 red Mercury, and the second car was a red and black 1968 Cadillac without license plates. When the officers stopped the Mercury and questioned the occupants, the Cadillac drove slowly by. After giving them a warning and letting them continue on their way, the officers heard a police radio broadcast that a red and black 1968 Cadillac was stolen during the course of a robbery. Officer Tansey identified the defendant and Michael Crawford as the two individuals he had observed in the Cadillac. He thought Michael Crawford was driving the car at this time.

Officer Max Steele was on patrol in a one-man patrol car on that night and heard the radio dispatch concerning the Cadillac. When he reached the vicinity of Milwaukee and California, he observed the car and gave chase, using his siren and Mars light. He pursued the car down various city streets getting as close as three-fourths of a car length.

When the chase reached Fullerton and Kedzie, another police vehicle joined the chase. At that point a motorist traveling westbound on Fullerton collided with the Cadillac as it emerged from an alley. Officer Steele testified the door on the driver's side of the car was smashed and both occupants emerged from the passenger side of the car. Although he could not identify the passenger, he did identify Marvin Wright as the driver of the car.

Officer Louis Ferraro arrived on the scene in an unmarked squad car and observed the collision at Kedzie and Fullerton. He testified he saw the driver exit the Cadillac and crawl under a parked car. He got out of his car and chased the passenger, whom he identified as Michael Crawford. Officer Ferraro also testified Crawford had a gun as he came out of the car, but dropped it and then ran away.

Both Crawford and Wright testified that Crawford had driven the car and that Wright had never been behind the wheel. Crawford testified they drove away from the nursing home in the car after it had been left unoccupied with the motor running.

At trial Michael Crawford was found guilty of armed robbery and grand theft, and the defendant, Marvin Wright, was found guilty of grand theft.

The defendant first contends he was not proved guilty beyond a reasonable doubt because there was no evidence he intended to permanently deprive the owner of the car, and there was not sufficient evidence to show he had exclusive control over the vehicle. The defendant states there was conflicting testimony as to whether he actually had control over the car and, therefore, the evidence did not prove beyond a reasonable doubt he had obtained control over the automobile in violation of section 16—1 of the Illinois Criminal Code (Ill. Rev. Stat. 1971, ch. 38, ¶ 16—1). He argues there was nothing in the record to indicate this was anything more than an ordinary joy ride and his presence in the stolen car, at most, must be construed as criminal trespass. *People v. Chandler* (1967), 84 Ill.App.2d 231; *People v. Johnson* (1968), 102 Ill.App.2d 443.

■■ Because intent can seldom be proved by direct evidence, it may be deduced from the circumstances in evidence. (*People v. De Stefano* (1961), 23 Ill.2d 427.) In the case at bar the defendant was either driving or riding in a car he knew to be stolen. The owner of the car testified he was robbed of his coat and money, and when he fled from his own car, he saw it driven away by two individuals. This is not the case of joy riding when a defendant drives off in an unoccupied car or merely rides in a car he knows to be stolen. In this case the defendant was present when the car was taken, and it is immaterial whether he was driving. In the case of *People v. Scholler* (1943), 385 Ill. 93, 96-97, the court stated:

"The case as to Scholler is distinguishable from the case against Abrams for the reason that Scholler admits that he was in the automobile at the time it was wrecked and while it was being chased for several blocks by the squad car. Scholler admitted that he was one of the occupants of the car. In the absence of a satisfactory explanation of his possession of the car, jointly with others, this was sufficient to raise the presumption of guilt against him. It brought him clearly within the rule, and established joint possession in him, together with the driver of the car. He testified to facts tending to explain such possession. The jury did not however, accept his version of the transaction."

The defendant also argues the sentence of 1 to 4 years is excessive because of his lack of a prior record and he is now attending the Marion Business College, training to be a tailor.

■■ Conviction of theft carries a sentence of 1 to 10 years when the value of the property exceeds $150. The sentence in this case is well

within the maximum limits and cannot be deemed to be excessive in light of the aggravated circumstances surrounding the theft of the car, the ensuing chase, and the flight of the defendant after the crash at Kedzie and Fullerton.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.