THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENYATTA JOHNSON, a/k/a Zachery Johnson, Defendant-Appellant.

First District (4th Division)   No. 77-1711

Opinion filed September 21, 1978.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ann Callum, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial, the defendant, Kenyatta Johnson, was found guilty of theft (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)) and possession of a stolen motor vehicle (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103(a)), and was sentenced to a term of 1 to 5 years on the conviction of theft. On appeal, he contends that the evidence was not sufficient to prove him guilty beyond a reasonable doubt of either of the offenses, and that the trial court erred in convicting him of both offenses since they arose out of the same act.

On April 15, 1977, at 12:45 a.m., the co-defendants, Jerome Jenkins and Oliver Williams, were arrested on North Stockton Street in Chicago. The

arresting officer testified that he and his partner were hailed by a woman who called their attention to the presence of the men in parked automobiles and indicated that she did not believe they belonged there. After observing a Thunderbird, the officers apprehended Williams lying on the front seat and arrested him. They then approached a 1972 Ford Torino which was parked two spaces behind the Thunderbird, and Jenkins exited the car from the passenger side. The defendant was crouched in the center of its front seat with his head and shoulders below the level of the steering wheel, and less than a foot from a hole in the steering column from which the ignition had been pulled.

A license check revealed that the Torino belonged to George Klein who resided on the south side of Chicago. He testified that he had parked the car in front of his residence at 7:30 p.m. on April 14, 1977, and locked it, taking the keys with him. He did not give anyone permission to remove the car and did not know that it had been missing until he was notified by the police. When the car was returned to him, Klein found a slam puller under the front seat.

Jerome Jenkins, who had previously pleaded guilty to criminal trespass of the Torino automobile and was serving his sentence, testified for the defense. He stated that he stole the Torino himself at about 7:30 p.m. on April 14, 1977, and drove to 66th Street and Winchester Avenue where he picked up the defendant who asked him if the car was stolen. Jenkins replied that it was not and told him that he had gotten it from his cousin. He drove around for 2 or 3 hours with the defendant in the passenger seat, stopping only once to buy some beer. He testified that before going into the store he parked the car and turned the engine off, and that the defendant stood outside of the car. Upon further questioning, he stated that the car's motor was not turned off at anytime until he parked the car at the place where he was arrested. There, he opened the car door to throw a beer can out and saw a woman looking at him who flagged an approaching police squad car. Jenkins stated that he was behind the steering wheel and that he exited the car while telling the defendant that the car was stolen. He denied picking up Williams and bringing him to Stockton Street, although he admitted he knew him, and that he, the defendant, and Williams lived on the same block.

Defendant contends that he was not proved guilty beyond a reasonable doubt of the charges because the State's evidence was insufficient to prove that he committed the offenses of theft and possession of a stolen motor vehicle where another person confessed the crimes and exonerated him of any knowledge or participation in the crimes. The evidence against the defendant is circumstantial, but a conviction may be based on such evidence if there is no reasonable hypothesis under which the defendant could be innocent. (*People v. Robbins* (1974), 21 Ill. App. 3d 317, 324, 315

N.E.2d 198, 203.) Evidence of recent, exclusive, and unexplained possession of stolen property by an accused, either singly or jointly with others, may, of itself, raise an inference of guilt of theft. (*People v. Reynolds* (1963), 27 Ill. 2d 523, 525-26, 190 N.E.2d 301, 302.) Similarly, direct proof of knowledge that the property was stolen is not necessary. Where possession has been shown, an inference of defendant's knowledge can be drawn from the surrounding facts and circumstances. (*People v. McCormick* (1968), 92 Ill. App. 2d 6, 14, 235 N.E.2d 832, 836; *People v. Williams* (1976), 44 Ill. App. 3d 143, 147, 358 N.E.2d 58, 61.) We conclude that the evidence was sufficient to sustain the theft conviction.

■■ ■ The evidence shows that the defendant was riding in the stolen automobile from which the ignition was missing for a period of 3 hours. It further shows that defendant was crouched under the steering wheel on the front seat when he was apprehended by the police. His attempt to hide gives strong credence to his guilty knowledge that the car was stolen. In addition, the testimony of the officer that Jenkins exited the car from the passenger side is proof that the defendant had control of the car and was driving it. This testimony belies Jenkins' statements that defendant did not know the car was stolen and did not drive it. Further, Jenkins' testimony that defendant stood outside of the car while its motor was running when he, Jenkins, went into the store to buy some beer is an indication of the measures taken by defendant to protect himself in case of apprehension. These facts and circumstances are of such nature as to lead to a satisfactory conclusion that defendant knew the car was stolen, or had reason to believe that it was stolen. Moreover, the aforesaid factors sustained the court's finding that he had the intent to permanently deprive the owner of the use of his automobile. Intent may be deduced from the circumstances in evidence (*People v. Wright* (1974), 24 Ill. App. 3d 26, 28, 320 N.E.2d 483, 485), and it is a question for the trier of fact. *People v. Graham* (1975), 27 Ill. App. 3d 408, 411, 327 N.E.2d 261, 264.

❂ 3, 4 Defendant maintains that the court erred in convicting him of possession of a stolen motor vehicle as well as theft. The information upon which this conviction was based alleged that defendant was in possession of a vehicle, knowing it to be stolen; this offense is a Class 4 felony. (Ill. Rev. Stat. 1977, ch. 95½, pars. 4—103(a), 4—108(b).) The information alleging theft charged defendant with knowingly obtaining unauthorized control of the vehicle valued in excess of $150 with the intent to permanently deprive the owner of it; this offense is a Class 3 felony (Ill. Rev. Stat. 1977, ch. 38, pars. 16—1(a)(1), 16—1(e)(3)). The element of the intent to deprive the owner of the property necessary to sustain the theft conviction is not involved in the possession offense (*People v. Spera* (1973), 10 Ill. App. 3d 305, 310, 293 N.E.2d 656, 659), nor is the element of the vehicle's value relevant to the latter charge. However, with these

exceptions, the elements to show the less serious charge of possession of a stolen motor vehicle are contained within the more serious offense of theft under the circumstances presented. (See *People v. Delk* (1976), 36 Ill. App. 3d 1027, 345 N.E.2d 197.) Therefore, under *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45, the conviction for possession of a stolen motor vehicle must be vacated.

For the reasons stated, the judgment of the circuit court of Cook County for theft is affirmed. The cause is remanded to vacate the conviction for possession of a stolen motor vehicle.

Affirmed in part and remanded.

DIERINGER and ROMITI, JJ., concur.