THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SAVA MIJOSKOV, Defendant-Appellant.

First District (4th Division)   No. 85—0608

Opinion filed January 30, 1986.

Constantine N. Kangles, Ltd., of Chicago (Edward V. Hanrahan, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Dean P. Karlos, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LINN delivered the opinion of the court:
Following a bench trial in the circuit court of Cook County, defend-

ant was found guilty of possession of a stolen motor vehicle (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(a)(1)) and placed on nonreporting probation for one year. Defendant now appeals from this judgment, contending that the State failed to prove beyond a reasonable doubt that he had knowledge that the automobile was stolen or that someone else stole the vehicle.

The record shows that defendant was charged by indictment with the theft of a 1983 BMW belonging to Robert Schmidt (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a)(1)) and with possession of that vehicle knowing it to have been stolen (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(a)(1)). At trial, Schmidt testified that he and his father had purchased a black 1983 BMW in South Dakota. About 8:30 p.m. on June 26, 1984, he parked the car bearing South Dakota license plates in the 1900 block of North Stockton Drive in Chicago, and when he returned to that location the following morning the car was missing. Schmidt reported the apparent theft to police and supplied them with identifying marks and the vehicle's identification number.

On September 1, 1984, Schmidt was riding an elevated train when he thought he saw his car parked in the back of General Auto Rebuilders on Lincoln Avenue in Chicago where in April 1984 he had the vehicle repaired. He and a friend went and inspected the car that had New Jersey license plates on it and observed some of the distinguishing marks of his automobile. He then left to get a camera. When he returned, he saw defendant enter the car and put on a pair of sunglasses which Schmidt thought he had left in the car before it was taken.

Schmidt and his friend followed defendant to an apartment building on Barry Avenue where defendant got out, spent about 10 minutes and then got back into the car. At that point, Schmidt called the police and next saw his car three days later at the police station. There he observed that the radio was missing and that the rear vent window had been tampered with.

Detective James Sesso testified that on September 4, 1984, he went to the General Auto Rebuilders shop on North Lincoln Avenue with Detectives Wheeler and Brosner. When he got to the rear of that location, he observed a black 1983 BMW parked in the lot bearing a New Jersey license plate and an Illinois validation sticker attached to it; the ends of the sticker were cut off eliminating the word "Illinois" and the prefix. He also observed the vehicle identification number affixed to the dashboard, and after placing this number in his mobile computer, he initiated a surveillance on the automobile.

About 1 p.m., he observed defendant enter the vehicle and drive off. Sesso stopped him a short distance away, identified himself and

informed him that he was under arrest for possessing a stolen motor vehicle. Defendant told him that he was the owner of a nearby body shop and that a "white guy" had brought the vehicle in to have some spraywork done on the underside and on the spoiler on the front end; but, when the officer looked under the vehicle, he did not see any area where work was needed.

Defendant then told him that he had papers for the vehicle at the shop, and they proceeded to defendant's office where defendant searched for them for about 20 minutes. However, he was unable to produce any papers or invoices at that time and did not produce any subsequently. Defendant told him that the person, who had brought the car to him, wanted some paint work done under the front end and other work done on the spoiler, but defendant did not describe this person with any specificity, name him or provide the officer with the address or telephone number of this person. He just stated that a male caucasian had brought the car to the shop about 10 days before.

While he was at the shop, the officer also talked to defendant's brother, Veljko Mijoskov, in the presence of defendant and Detective Wheeler. Defendant's brother said that a black man had brought the vehicle in from Joe Perillo BMW, a car dealer, to have the rear-window glass changed.

After the State rested its case in chief, the court entered a directed finding on the first count of the indictment charging defendant with theft. The defense then presented the testimony of Clarence Hodges, an employee of Joe Perillo BMW, who testified that he knew defendant from their business dealings. Hodges stated that his employer referred about 25 vehicles a month to General Auto Rebuilders and sometimes sent their customers to the shop directly. In the latter part of August 1984, he had occasion to refer the "owner" of a late-model BMW to General Auto Rebuilders. The driver of that vehicle was a black man about 28 years of age, who was approximately six feet tall and weighed 225 pounds. When this man brought the car in, he stated that the right rear quarter glass of the vehicle was broken out as a result of a theft, a condition the witness described as a standard break-in. The man indicated that he wished to wait for the vehicle to be repaired, and Hodges told him that he could not handle it at that time.

Veljko Mijoskov testified that he is the co-owner of General Auto Rebuilders and does body work and painting there. When the officers came to the shop and inquired about the BMW, he told them that his brother had repaired the right quarter window with one obtained from Perillo BMW. A paid statement was later submitted for it along with

other items on the invoice. The State objected to evidence of the invoice noting that it was prepared three days after the defendant's arrest. The court found that it was not material and instructed counsel to proceed. During cross-examination the witness stated that he was not present when the car arrived, that he did not know anything about the person who brought it in other than what his brother had told him, and that they had possession of the car for about 10 days before police arrived.

Defendant testified that he lives at 512 West Barry and by trade is an auto mechanic and co-owner of General Auto Rebuilders located on North Lincoln Avenue. He stated that he and his brother have been in business at that address for seven years and have done work for several auto dealers in the area; they currently are called upon by Perillo BMW. Defendant recalled that a black late-model BMW was brought into the shop in August by a black man who was about 30 years of age and who was six feet tall and weighed about 200 pounds. The person told him that he had been referred to the shop by Joe Perillo BMW, asked to have the window fixed and inquired about having some other work done on the car. Defendant gave him an estimate on the window but told him that he would have to call his brother about the other work at a later time. The man was in the shop for about 15 minutes, and during this time defendant did not ascertain his name, address or telephone number.

Defendant repaired the quarter glass which was broken and prepared an invoice dated for August 1984; he intended to write in the specific day when the person picked up the car. The vehicle was never claimed, however, and defendant used it, as he did other autos in the shop. When he was stopped by a police officer on September 4, 1984, he was told that the auto was stolen. He explained to the officer that he had worked on the vehicle and that the owner inquired about having other work done, but when the officer was in the shop he could not find the invoice for the auto because he had misplaced it with the estimate book. A member of his family subsequently found it, and he took it to court to present to the prosecutor. Defendant acknowledged that he had driven the car to the bank on September 1 after stopping at his apartment, and also stated that he was wearing his own sunglasses that day and further recalled that the car did not have a radio in it.

Constantine Kangles, defendant's appellate counsel, testified that he has known defendant for about 12 years, and attested to defendant's good reputation in the community for truth and honesty.

Closing arguments were waived, and the court entered a finding of guilty on the possession charge. Defendant's motion for a new trial

was subsequently denied, and he was placed on probation for one year. He now appeals from that judgment, contending that the State failed to prove beyond a reasonable doubt that he had knowledge that the black BMW was stolen or that someone else stole the vehicle. The State responds that the evidence shows that defendant had knowledge that the car was stolen and that proof of possession of a stolen vehicle does not require that the State prove that someone other than defendant stole it.

The indictment charged defendant with possession of Schmidt's vehicle knowing it to have been stolen. The evidence clearly shows that Schmidt's auto had been stolen in June, and that when defendant was apprehended by police in early September he was in possession of it. The question before the court was whether defendant possessed the auto with the requisite knowledge.

■ The element of knowledge may be established by proof of circumstances that would cause a reasonable man to believe that the property had been stolen. (*People v. Williams* (1976), 44 Ill. App. 3d 143, 358 N.E.2d 58.) Direct proof of this element is not necessary, and where possession has been shown an inference of defendant's knowledge can be drawn from the surrounding facts and circumstances. (*People v. Johnson* (1978), 64 Ill. App. 3d 1018, 382 N.E.2d 85.) The inference of guilt arising from exclusive possession of recently stolen property may be rebutted by defendant's explanation; however, defendant must offer a reasonable story or be judged by its improbabilities. (*People v. Daniels* (1983), 113 Ill. App. 3d 523, 447 N.E.2d 508.) The trier of fact is not required to accept defendant's version of the facts, but may consider its probability or improbability in light of the surrounding circumstances. *People v. Camden* (1980), 91 Ill. App. 3d 946, 414 N.E.2d 823.

The evidence presented at trial established that defendant and his brother had owned and operated an auto repair business for several years, and when apprehended by police in September 1984, defendant was driving an auto which had been stolen from Schmidt about three months before. Defendant sought to explain his possession of the auto and informed Detective Sesso that a white man had brought the vehicle in for painting on the underside and on the front end, but the officer found no evidence of that need. Defendant then told him that he had papers for the vehicle back at the shop. After a 20-minute search in his office, defendant could not produce any invoice or other paperwork on the auto, and did not have any way of contacting the owner.

■ At trial, defendant testified that in late August the automobile

was brought in by a black man for break-in repairs to the right rear vent window, and he also inquired about some other work which could be handled by defendant's brother; the man had been referred to defendant by another agency. At that time defendant observed that the quarter window was broken, and when he repaired it, he noted that the radio was missing. The man was in the shop for about 15 minutes, but defendant never ascertained his name, address or telephone number. He stated that he prepared an invoice three days after the car was brought in, but when he was arrested 10 days later he still had not heard from this person. He told the officer that he did not have a work order on the car or any way of contacting the owner. The trial court rejected defendant's explanation, stating:

"In this day and age, you don't take any BMW cars into an established dealership or established workplace without any name or address or anything else like that."

The court then entered a finding of guilty on the possession charge, and on this record we find no reason to upset that determination.

Our review indicates that the facts and circumstances contained in the record are of such a nature as to lead to a satisfactory conclusion that defendant knew or had reason to believe that the car was stolen. (*People v. Johnson* (1978), 64 Ill. App. 3d 1018, 382 N.E.2d 58.) As pointed out above, defendant had considerable experience in the car repair business. Here, also a valuable automobile was brought into the shop by a person seeking repairs for break-in damage, who then left without any identification or information as to where he could be reached, and, in fact, never returned for the car. Further, a timely work order was not prepared for the car. This evidence supports the conclusion that defendant knew or had reason to know that the auto was stolen.

Defendant attempts to negate this inference of guilty knowledge by asserting careless business practices and the fact that he regularly handled this type of expensive automobile. We note, however, that the trier of fact is not required to disregard the natural inferences which normally flow from the evidence before it nor seek out a series of explanations consistent with innocence and elevate them to the status of reasonable doubt. (*People v. Daniels* (1983), 113 Ill. App. 3d 523, 447 N.E.2d 508.) Here, we find no error in the court's determination that defendant's explanation was not really believable, and that the evidence supports the conclusion that he had knowledge of the stolen character of the vehicle. See *People v. Daniels* (1983), 113 Ill. App. 3d 523, 447 N.E.2d 508; *People v. Ward* (1980), 80 Ill. App. 3d 253, 399 N.E.2d 728.

■ Defendant further maintains, however, that his conviction should be vacated because the State failed to prove that someone else stole the automobile. In support of his position, he cites *People v. Malone* (1971), 1 Ill. App. 3d 860, 275 N.E.2d 236, where the court held that possession of stolen property is insufficient to establish that the accused received stolen property knowing it to have been stolen since one cannot be both the thief and the receiver of the stolen property. The State responds that defendant's reliance on this case is misplaced since defendant in *Malone* was convicted of receiving stolen property, a crime separate and apart from possession of a stolen motor vehicle and which requires proof that someone other than defendant did the stealing. In his reply brief, defendant responds with *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189, where he asserts that the supreme court held that in order to be convicted of possession of a stolen motor vehicle someone other than defendant had to have stolen the vehicle.

In *Cramer* defendant was charged with theft of a truck having a value of more than $150, and at trial there was evidence presented that he admitted taking the truck but intended to return it. The trial court refused to give defendant's tendered instruction for the lesser-included offense of possession of a stolen motor vehicle which mirrored the provisions of section 4—103(a) of the Illinois Vehicle Code, and the supreme court affirmed its decision. The *Cramer* court held that on these facts the tendered instruction would have allowed the jury to convict defendant of violating section 4—103(a) on the same facts necessary to convict him of theft, and that he was therefore not entitled to the instruction. (*People v. Cramer* (1981), 85 Ill. 2d 92, 100, 421 N.E.2d 189.) In so finding the court stated:

"Here, there was no evidence that the vehicle had been taken by another person. Thus defendant could be convicted of violating section 4—103(a) only if he possessed the vehicle, without authorization, knowing it to have been stolen or converted. The word 'stolen' here obviously refers to a theft. Accordingly, defendant would have to know he had stolen or converted the truck, *i.e.*, he would have had to have stolen or converted it, before he could be found guilty. He could not, under these facts, be found guilty of violating this section on the basis of unauthorized possession of the truck as defendant urges. Although defendant's intent was a disputed issue here, the tendered instruction did not require the jury to convict him of the lesser offense on the basis that he had no intent to permanently deprive the owner of the truck. Rather, a jury conviction under

section 4—103(a) would be an inconclusive finding of fact about defendant's mental state, since it would not be clear whether the jury found that the defendant knew that he converted it or whether he knew that he had stolen it." *People v. Cramer* (1981), 85 Ill. 2d 92, 100-01, 421 N.E.2d 189.

In our opinion this decision may not properly be interpreted as engrafting an additional element onto the proof required to establish the offense of possession under section 4—103(a) of the Illinois Vehicle Code. In the instant case, defendant was charged with theft and possession of a stolen motor vehicle. The trial court entered a directed finding as to the theft charge but was later found guilty of possession. Defendant was not charged with theft by receiving stolen property, an offense which requires proof that the property was stolen by someone other than defendant (see discussion in *People v. Beauchemin* (1979), 71 Ill. App. 3d 102, 389 N.E.2d 580), but rather with possession of a stolen motor vehicle knowing it to have been stolen. As we have already determined, the elements of this offense were proved beyond a reasonable doubt, and we therefore affirm the judgment of the circuit court finding him guilty of this offense.

Affirmed.

JOHNSON and McMORROW, JJ., concur.