THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH D. WEHRWEIN, Defendant-Appellant.

First District (1st Division)   No. 1—87—1487

Opinion filed October 16, 1989.

MANNING, P.J., dissenting.

Edward M. Genson and Marc W. Martin, both of Genson, Steinback & Gillespie, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Catharine M. Forest, and Kent D. Sinson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial, the defendant, Joseph Wehrwein, was found guilty of possession of a stolen motor vehicle and sentenced to three years' imprisonment. Defendant appeals from the conviction and the sentence.

On appeal, defendant contends (1) that he was not proven guilty beyond a reasonable doubt where the State failed to prove the identification of defendant and failed to prove each element of the crime charged; (2) the trial court abused its discretion in allowing the State to recall a witness; (3) the trial court erred in allowing the State to call a certain witness during its case in chief where the name of the witness was not included in the State's answer to discovery; and (4) that his conviction and sentence must be vacated because the statute under which he was convicted and sentenced is unconstitutional.

At trial, Chicago police officer Leon Toney testified that he was a member of the auto theft unit of the department. On March 7, 1985, at about 7:30 p.m., Toney was stationed in an unmarked car two or three blocks from C & H Transportation Company at 8928 South Holland in Chicago. At that time, he was informed by another officer that a blue tractor-trailer was pulling out of the yard and proceeding northbound on Holland, towards his location. Officer Toney had information that this tractor-trailer had been stolen on March 1, 1985, according to a report from the State of Illinois.

As the tractor-trailer approached Toney at the corner of 87th Street and South Holland Drive, he "could not see much" through the windshield of the vehicle. Defendant then stopped the tractor-trailer at an intersection which was in a well-lit area for a period of from two to four minutes. Officer Toney was parked about 50 feet from the tractor-trailer or approximately the width of the street. Toney testified that he observed the driver of the tractor-trailer, sitting in the cab, six to eight feet in the air, clad in a baseball cap and jacket and having long curly hair. He could not relate the height or weight of the driver. The window of Toney's automobile was open, and he recognized the defendant as the driver of the tractor-trailer. While the defendant was stopped at the intersection, Officer Toney stated that he used a pair of binoculars he had with him to view the defendant and there was nothing obstructing his line of sight. At trial, Toney identified defendant as the person he had seen driving the tractor-trailer.

Officer Toney further testified that he followed the tractor-trailer as it proceeded down a ramp leading south onto the Dan Ryan Expressway. When the tractor-trailer reached the bottom of the ramp, it slowed up, pulled off the road onto the shoulder and turned off its lights. Officer Toney continued on the ramp approximately a quarter of a block, and he also pulled onto the shoulder of the road and turned off his lights. At that time, a Tinley Park police car pulled up behind Toney. Because Toney was in an unmarked car, the officer from Tinley Park thought it was suspicious that Toney had pulled onto the shoulder of the road and turned out his lights. Officer Toney informed the Tinley Park officer who he was and explained to him that he was suspicious that the truck parked behind them was stolen. When Toney got back to the tractor-trailer, it was abandoned alongside the expressway and the defendant who was driving the vehicle had disappeared. Subsequently, on April 23, 1985, Toney testified that Officer Bernatek of the Chicago police department showed him a compilation of six photographs. Toney identified the photograph of the defendant as being the same person he had seen driving the tractor-trailer at the intersection of 87th Street and South Holland Drive on March 7, 1985.

Chicago police officer LeRoy Starr next testified for the State. While the tractor-trailer was parked on the side of the expressway, he arrived on the scene and viewed the truck. Four of the ten tires on the tractor-trailer were missing. Further, inside the cab of the truck, numerous wires were disconnected, hanging about the vehicle and lying on the floor. The radio, as well as its speakers, were missing. In addition, the bracket for one of the two saddle tanks which would contain diesel fuel was removed and the right saddle tank was missing. Subsequently, Starr participated in the execution of a search warrant at the truck yard that previously was under surveillance. At the yard, the officer found parts which appeared as though they matched the tractor-trailer in question, although the officer did not know whether or not the parts actually came from the tractor-trailer.

The State then recalled Officer Toney over objection of the defendant. Officer Toney further testified that when the tractor-trailer reached the bottom of the ramp on the Dan Ryan Expressway, a maroon car was parked on the shoulder of the ramp, and the maroon car began following the tractor-trailer being driven by defendant. For approximately 15 or 20 minutes the maroon car followed the tractor-trailer as it was driven down the expressway. During this period of time, Toney noted the license plate number of the maroon car. Officer Toney passed the maroon car in traffic and stated that a

heavy white woman was driving the car. All three vehicles, the tractor-trailer, the maroon car, and Officer Toney's unmarked squad car exited the expressway at Harlem Avenue. At that time he was approached by the Tinley Park officer. At trial it was established that the maroon car was registered with the defendant as the owner.

Harold Duke next testified for the State. Duke is a partner in Duke and Riley Trucking Company, a truck leasing business. Duke identified a picture of the tractor-trailer seized on the exit ramp of the expressway as one of the trucks that his company owned. On the date in question, March 7, 1985, Duke believed that the truck could have been leased to a company known as Legion Nationwide.

Finally, Robert Micco, an employee of Legion Nationwide, testified. Although Micco's name was not on the State's answer to discovery, and the defendant objected to the introduction of his testimony, the court permitted the State to amend its answer. Micco testified that his company, Legion Nationwide, terminated their permanent lease on the tractor-trailer on March 3, 1985, and that Duke and Riley Trucking had the right to possession of the tractor-trailer on March 7, 1985.

I

Defendant first contends that the State did not prove him guilty beyond a reasonable doubt where the officer's identification was insufficient and where the defendant was not found to be in possession of a motor vehicle which he knew was stolen. The State maintains that Officer Toney's identification of defendant as the driver of the tractor-trailer was credible and the evidence proved beyond a reasonable doubt that defendant was in possession of a vehicle which he knew or should have known was stolen.

■ Certain principles of law are well settled in the area of identification testimony. Although a conviction cannot be sustained if the identification of the accused was vague, doubtful or uncertain (*People v. Ash* (1984), 102 Ill. 2d 485, 468 N.E.2d 1153), the testimony of one identification witness, if positive and credible, is sufficient for a conviction. (*People v. Diaz* (1981), 101 Ill. App. 3d 903, 428 N.E.2d 953.) The most important factor is whether the witness had an adequate opportunity to view the offender at the time of the crime. (*People v. Moore* (1983), 115 Ill. App. 3d 266, 450 N.E.2d 855.) An identification may be positive even though the witness viewed the accused for a short period of time. (*People v. Sakalas* (1980), 85 Ill. App. 3d 59, 405 N.E.2d 1121; *People v. Harrison* (1978), 57 Ill. App. 3d 9, 372 N.E.2d 915.) The sufficiency of the opportunity to observe is for the trier of

fact to determine. *People v. Davis* (1982), 104 Ill. App. 3d 1027, 433 N.E.2d 1011.

In the case at bar, Officer Toney testified that he observed the defendant when the window of his car was open, that he used a pair of binoculars he had with him, and that there was nothing obstructing his line of sight. In court, Toney testified that he recognized the defendant as being the driver of the tractor-trailer. Further, the area was well-lit, Toney was approximately 50 feet away or the distance of the width of a street, and he observed defendant for a period of from two to four minutes. Defendant notes that some significant items in Toney's testimony were not in his police report. Specifically, defendant states that Toney's police report did not give any description of the driver other than to say that it was a white male. Also, the report did not mention that Toney used binoculars. However, discrepancies, inaccuracies or omissions in an officer's police report simply go to the weight of the identification testimony. (*People v. Taylor* (1986), 143 Ill. App. 3d 252, 492 N.E.2d 1011; *People v. Goodman* (1982), 109 Ill. App. 3d 203, 440 N.E.2d 345.) Under the circumstances of this case, we consider Toney's identification testimony was positive and, standing alone, was persuasive to establish beyond a reasonable doubt that defendant was the driver of the stolen truck.

Defendant further argues that the out-of-court identification testimony given by Officers Toney and Bernatek was inadmissible hearsay. Both officers testified at trial that on April 23, 1985, Officer Bernatek showed Officer Toney a compilation of six photographs. Officer Toney identified the photograph of defendant as being the same person he had seen driving the stolen tractor-trailer at the intersection of 87th Street and South Holland Drive on March 7, 1985.

At the outset, we note that this issue was not raised in defendant's post-trial motion and, therefore, the issue is waived on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) In considering the merits of the argument, in *People v. Rogers* (1980), 81 Ill. 2d 571, 411 N.E.2d 223, our supreme court enlarged the permitted use of consistent out-of-court statements as corroboration evidence. The court stated:

"[I]f A testifies that he previously identified B and his veracity is tested by cross-examination, the reason for excluding the third person's testimony has been removed. The third person should then be permitted to testify that he heard or saw A identify B because both A and the third person would be subject to cross-examination concerning the out-of-court identification. Evidence of such out-of-court identification by both A and

the third person should be admissible but should be used only in corroboration of in-court identifications and not as substantive evidence. Before the third person is permitted to testify as to A's identification of B, A should first testify as to his out-of-court identification." (81 Ill. 2d at 579, 411 N.E.2d at 227.) Subsequently, the holding of *Rogers* was enacted as a statute. Ill. Rev. Stat. 1985, ch. 38, par. 115—12.

In the case at bar, Officer Toney identified the defendant in court as the person he saw driving the tractor-trailer. Officer Toney further testified that on April 23, 1985, he identified defendant's picture from a photo array. Under the holding of *Rogers*, because Toney was present in court and underwent cross-examination by defense counsel, the testimony was not hearsay. There was no error in using the out-of-court identification to corroborate his in-court identification of defendant. Likewise, Officer Bernatek's testimony that he saw Officer Toney identify defendant in a photo array was admissible because both officers were subjected to cross-examination concerning the out-of-court identification and because the testimony was used in corroboration of Officer Toney's in-court identification. See also *People v. Hudson* (1985), 137 Ill. App. 3d 606, 484 N.E.2d 1246.

Defendant contends that photo arrays are not proper evidence since the use of photo arrays is an unreliable procedure, citing *People v. Holiday* (1970), 47 Ill. 2d 300, 265 N.E.2d 634. We find *Holiday* inapplicable since the court there held that there is a preference for a lineup rather than a photo array when the suspect is in custody. In the case at bar, a review of the record does not establish that defendant was in custody at the time of the photo array procedure.

Defendant next contends that the evidence failed to prove beyond a reasonable doubt that defendant was in the unauthorized possession of a stolen motor vehicle which he knew or should have known was stolen. It has been held that defendant's knowledge that the vehicle was stolen or converted may be established by proof of circumstances that would induce a belief in a reasonable mind that the property was stolen. (*People v. Mijoskov* (1986), 140 Ill. App. 3d 473, 488 N.E.2d 1374.) Direct proof of this element is not necessary, and where possession has been shown, an inference of defendant's knowledge can be drawn from the surrounding facts and circumstances. *People v. Johnson* (1978), 64 Ill. App. 3d 1018, 382 N.E.2d 85.

At trial, Officer Toney identified defendant as having exclusive possession of the stolen tractor-trailer as he drove it down the Dan Ryan Expressway while it was being followed by a maroon car which was registered to defendant. Further, there was evidence pre-

sented that the tractor-trailer had been substantially tampered with and that numerous parts of the vehicle were missing. In addition, the defendant abandoned the truck on the shoulder of the expressway. From these facts, in our judgment, a sufficient inference was established that defendant had knowledge that the tractor-trailer in his possession was stolen.

■ Defendant argues that the State failed to prove the truck was stolen where Harold Duke of Duke and Riley, the owner of the vehicle, did not testify that the truck had been stolen. In *People v. Williams* (1986), 143 Ill. App. 3d 658, 493 N.E.2d 362, this court held that the identification of a stolen vehicle by its vehicle identification number was sufficient to sustain a conviction for possession of a stolen vehicle. At trial here, police officer Starr testified that he ran a check on the vehicle identification number for the truck defendant abandoned along the expressway. The computer check revealed that the tractor-trailer had been stolen on March 1, 1985. We agree with the trial court's determination that this evidence was sufficient to prove the truck was stolen.

## II

■ ■ Defendant's next contention is that the trial court abused its discretion in allowing the State to recall Officer Toney. Again, we note that defendant has failed to raise this issue in his post-trial motion, and, therefore, the issue is waived on review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) In addressing the merits of the defendant's argument, where a party makes a request before the close of the party's case in chief to present additional evidence by recalling a previously examined witness, the decision rests in the sound discretion of the trial court, and that discretion should be exercised liberally so as to promote fairness and justice in a trial. (*Mesick v. Johnson* (1986), 141 Ill. App. 3d 195, 490 N.E.2d 20.) The trial court may allow the recall of a witness to prove matters inadvertently omitted previously or to adduce additional testimony. (*People v. Thompson* (1978), 57 Ill. App. 3d 134, 372 N.E.2d 1052.) It is not an abuse of discretion to allow the State to reopen its case where the defendant does not allege or otherwise show any unfairness or surprise occasioned by the admission of the additional proof. (*People v. Faulkner* (1978), 64 Ill. App. 3d 453, 381 N.E.2d 321.) The trial court's decision to permit a witness to be recalled will not be overturned on review unless the defendant can demonstrate that the ruling was a clear abuse of the court's discretion. *People v. Mahon* (1979), 77 Ill. App. 3d 413, 395 N.E.2d 950.

In the case at bar, the record reveals that on the first day of trial, the prosecutor told the court that Officer Toney needed to go down to police headquarters to pick up the collection of pictures he used when he identified defendant in a photo array. However, the trial judge was anxious to begin the trial immediately, and Officer Toney was unable to get the photographs. On the second day of trial, the prosecutor asked the trial judge to recall Officer Toney for the purpose of testifying as to the photo array and to testify as to the license plate of the car following the truck he observed defendant in. The court recognized that the prosecutor was in a difficult position because the case had been prosecuted by eight assistant State's Attorneys prior to trial and perhaps the prosecutor had not had an adequate opportunity to interview Officer Toney prior to trial. The trial court permitted Officer Toney to be recalled.

Defendant contends that he was unfairly prejudiced by this testimony because he based his cross-examination of Officer Starr, the witness who testified for the State after Toney, on the absence of Toney claiming that a maroon car owned by defendant followed the truck on and off the expressway. However, a review of the record shows that the initial time Officer Toney testified, he stated that when the stolen truck reached the bottom of the expressway ramp, the truck slowed down and a maroon car parked on the shoulder started up and followed the truck. Since the defendant was aware of the maroon car from the time Toney first testified, we find defendant's argument of unfair prejudice without merit.

Although we agree with defendant that redirect examination is generally limited to new matters elicited on cross-examination, it is also true that the trial court, in its discretion, may allow questions on redirect that should have been brought out on direct. (*Springfield v. Dalby* (1891), 139 Ill. 34, 29 N.E. 860.) In our opinion, there was no abuse of discretion by the trial court in allowing Officer Toney to be recalled. The facts that the prosecutor had discovered that Toney could identify the maroon car he had followed for 20 minutes with greater detail and that the pictures used in the previously testified to photo array were not available to be introduced into evidence were sufficiently valid reasons.

### III

The defendant further argues that the trial court erred in allowing the State to amend its pretrial answer to discovery to include Robert Micco of Legion Nationwide, the lessee of the stolen truck. Once again, we observe that defendant has not raised this issue in its

post-trial motion and, therefore, it is waived for purposes of appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1120.) In considering the merits of the argument, the State maintains that it did not intend to call Micco until after Harold Duke, the representative of Duke and Riley Trucking, had testified.

It is clear, under Supreme Court Rule 412(a) (107 Ill. 2d R. 412(a)), that the State has an obligation to disclose to the defendant the name of a person it intends to call when the State forms the intent to call the person as a witness. At trial, Harold Duke of Duke and Riley Trucking testified that on March 9, 1985, the tractor-trailer at issue was leased to Legion Nationwide and that on that date the lessee had a right to let whomever they chose to drive the truck. Immediately following this testimony, the State advised the court that it would need to bring in a witness from Legion Nationwide. On the next court date, the State advised the court that Robert Micco, a representative of Legion Nationwide, would be available to testify as to the lease agreement between the parties and the lack of authorization for defendant to drive the vehicle. The trial court allowed the testimony.

While it is clear that under Supreme Court Rule 412(a) (107 Ill. 2d R. 412(a)), the State is required to disclose to the defendant the names of persons whom it intends to call as witnesses, the State's intent to call the witness is the critical element. (*People v. Hanna* (1983), 120 Ill. App. 3d 602, 457 N.E.2d 1352.) The State need not inform the defendant of a witness' name until it forms the intent to call him, even if that occurs during trial. (*People v. Shiflet* (1984), 125 Ill. App. 3d 161, 465 N.E.2d 942.) From our review of the record before us, it is our judgment that it substantiates the State's position that it had not formed an intent to call a witness from Legion Nationwide until after a representative of Duke and Riley Trucking testified. Accordingly, the State had no obligation to disclose Micco's name as a witness to defendant until the time that it amended its answer to discovery.

## IV

■■■ Finally, defendant contends that his conviction and sentence should be vacated because the recently amended statute under which he was convicted and sentenced was unconstitutional. In 1985, the Illinois legislature amended section 4—103(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b)), reclassifying an initial conviction for possession of a stolen motor vehicle as a Class 2 felony. Since the filing of the briefs in this matter, our supreme court has re-

solved this issue, holding that the statute is constitutional. (*People v. Bryant* (1989), 128 Ill. 2d 448.) The *Bryant* court held that this provision of the Illinois Vehicle Code does not violate due process even though the section provides for a greater penalty than the offense of theft, since the offense is a separate and more serious offense than that of theft and the plain language of the section exhibits a clear intent to prohibit all persons, not just organized motor vehicle thieves, from possessing stolen motor vehicles.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR, J., concurs.

PRESIDING JUSTICE MANNING, dissenting:

I must respectfully dissent. The State has a heavy burden in a criminal case. It must prove each element of the offense beyond a reasonable doubt by competent evidence. (*In re Winship* (1970), 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1073.) I have searched the record for facts which support the allegation that defendant possessed a stolen motor vehicle. I have yet to find any such facts. Evidence regarding who owned, possessed or had control over the truck, at the time it was allegedly stolen, is likewise lacking.

To warrant a conviction based on a defendant's recent, exclusive and unexplained possession of a stolen vehicle, the evidence must be of a conclusive nature (*People v. Kilgore* (1975), 33 Ill. App. 3d 557, 338 N.E.2d 124), and include the presentation of evidence which convincingly establishes ownership of the vehicle (*People v. Hope* (1979), 69 Ill. App. 3d 375, 387 N.E.2d 795) and that the vehicle was stolen.

In the present case, the purported owner of the tractor, as alleged in the indictment, Howard Duke, never testified to a theft. In fact, he lacked knowledge that a theft had occurred. Mr. Duke testified that, on the date the defendant was allegedly in possession of the truck, it was leased to another entity, Legion, and therefore, neither he nor his company had any right or control over the truck.

Although Mr. Micco, Legion's representative and a surprise witness, did in fact testify regarding a tractor which he understood had been stolen, including a vehicle identification number, he stated that he had no personal knowledge of a theft of the subject truck. Mr. Micco testified that while a lease had previously existed, on the date of the alleged theft, the lease had been terminated. Further, the rec-

ord is unclear as to who reported the truck as being stolen.

In addition, Micco's testimony that defendant was not an authorized driver for Legion was based upon, not personal knowledge, but Micco's recollection of what was contained in the computerized records of the company. Such testimony was inadmissible. The proper method of proof would have been to introduce Legion's business records in evidence, which the State failed to do. Instead, the inadmissible testimony that defendant was not entitled to possession of the truck was offered to prove an element of the offense charged. See *People v. Clark* (1982), 108 Ill. App. 3d 1071, 1081, 440 N.E.2d 387.

Officer Starr's testimony that he determined the truck to be stolen by checking the State of Illinois computer records was predicated on hearsay, and therefore, its admission likewise was error. The State, in response, argues that defendant has waived this issue on appeal by failing to object at trial and by failing to raise it in his motion for a new trial, citing *People v. Davis* (1984), 130 Ill. App. 3d 41, 473 N.E.2d 387.

Because the alleged error goes to an element of the offense and detracts from the State's ability to prove its case beyond a reasonable doubt, I would invoke the plain error doctrine in that this error affects the substantial rights of defendant. "Plain error *** affecting substantial rights" may be considered within the discretion of the reviewing court as a means of alleviating the strict application of the waiver rule. *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856.

I have reviewed the facts and circumstances of this case which precipitated defendant's conviction under the Illinois Vehicle Code. A person is in violation of the Code if he receives, possesses, conceals, sells or disposes of a motor vehicle, which he is not entitled to the possession of, and knows the vehicle to have been stolen. (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a).) Thus, the State must prove: (1) that the vehicle was stolen, and (2) that defendant's possession of it was unauthorized. *People v. Clark* (1982), 108 Ill. App. 3d 1071, 440 N.E.2d 387.

The majority in response to defendant's contention that the State failed to prove the truck was stolen cites *People v. Williams* (1986), 143 Ill. App. 3d 658, 493 N.E.2d 362, for the proposition that identification of a stolen vehicle by its vehicle identification number was sufficient to sustain a conviction for possession of a stolen motor vehicle. While I do not quarrel with that holding, it is irrelevant to the issue at hand, and the factual matrix is distinguishable from the case at bar.

In *People v. Williams*, the victim observed the theft of her car, and she identified the defendant as the man who stole her car. While she testified incorrectly regarding one digit of a 13-digit vehicle identification number, it was a minor discrepancy when coupled with the overwhelming evidence of defendant's guilt, *i.e.*, defendant was found in possession of the victim's automobile, checkbook, savings passbook, repair bill and credit cards, and eyewitness testimony of the witnesses.

Conversely, in the case at bar, the State's witnesses never testified to a theft, neither the "owner" nor the lessee had any personal knowledge of a theft. In fact, Mr. Duke testified that he identified some truck parts on March 13, 1985; but, when he took these parts to the repair shop, they did not match the "Peterbilt" truck, which he had also identified as the truck that "possibly could have been issued to Legion." The evidence fails to convincingly establish ownership of the truck (*People v. Hope* (1979), 69 Ill. App. 3d 375, 387 N.E.2d 795), or establish that the truck was stolen, or that the subject truck was the same one reported stolen. See *People v. Williams* (1962), 24 Ill. 2d 214, 181 N.E.2d 353.

Thus, the State's failure to prove that the truck was stolen, an essential element of the offense, when coupled with its attempts to offer a conclusion based on hearsay evidence, mandates a reversal.

For the foregoing reasons, I would reverse defendant's conviction.